[No. A105802. First Dist., Div. Three. Aug. 29, 2005.]

THE PEOPLE, Plaintiff and Appellant, v.
LATASHA RENEE LOVE, Defendant and Respondent.

### COUNSEL

Robert Kochly, District Attorney, and Doug MacMaster, Deputy District Attorney, for Plaintiff and Appellant.

David C. Coleman III, Public Defender, and Jordan Schreiber, Deputy Public Defender, for Defendant and Respondent.

### OPINION

**CORRIGAN, J.**—Defendant, while out of custody, waived her right to have a preliminary hearing within 10 and 60 days of her plea. She failed to appear for a setting conference and was arrested on a bench warrant. Her preliminary hearing occurred 15 court days after her reappearance in custody. The magistrate dismissed the complaint, finding the preliminary hearing untimely. He interpreted Penal Code section 859b[1] to require that a preliminary hearing be held within 10 court days of a defendant's appearance in custody. Because the statute contains no such requirement, we reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

*Initial Dates*

Defendant was charged with receiving stolen property and a warrant was issued for her arrest. She was arraigned on June 19, 2003,[2] released on her

---

[1] All further statutory references are to the Penal Code.

[2] All further date references are to the year 2003.

own recognizance and referred to the public defender. On July 3, she appeared with counsel, entered a plea of not guilty and waived her right to have a preliminary hearing within 10 court days. On August 7, defendant appeared as directed, waived her right to have a hearing within 60 days, and was ordered to return on September 26. Defendant failed to appear on that date and a bench warrant was issued for her arrest on October 1.

*December 2, 2003*

On December 2, five months after her initial plea, defendant appeared in custody and her attorney requested a preliminary hearing "as soon as possible." The clerk asked, "Is she going to continue waiving ten and sixty?" Counsel replied, "Yeah. . . . I think once waived, it's been waived, but at this point since she's in custody, I'd ask for whatever earliest date you can give me." Defendant's hearing was set for December 15.

*December 15, 2003*

On December 15, defendant appeared in custody for her preliminary hearing represented by a different public defender. No courtroom was available. When the court indicated the matter would be continued, the following colloquy ensued:

"[Defense Counsel]: . . . The status of the case, as I understand it, is time not waived.

"The Clerk: The minutes of 12/2 say time for prelim, 10 and 60, waived, continued. [¶] . . . [¶]

"The Clerk: I also show that on August 7, 2003, time—10 and 60 were waived.

"[Defense Counsel]: That's true, although at that time she was out of custody. On December 2 [defendant] appeared in custody . . . . [¶] . . . [T]he question is just whether the time waiver that was entered on August 7 remains valid once she's brought in on a warrant on December 2.

"The Court: Well, actually, I have a note that on December 2 the waiver's continued. [¶] . . . [¶]

"[Defense Counsel]: . . . It's my belief, Your Honor, that once the preliminary hearing that had been set when [defendant] was out of custody

was vacated due to her failure to appear and she was brought before this court in custody for the setting of preliminary hearing dates, she would have had to waive time expressly and personally on that date, December 2, in order for there to be considered to be a time waiver. And since I don't believe she did that, it's my belief that she's entitled to a preliminary hearing within ten court days of December 2."

The prosecutor, who had not been present on December 2, stated, "If the minutes say the 10 and 60 have been waived, I'm pretty comfortable with that." The court then scheduled the preliminary hearing for December 23. Defense counsel stated, "Your Honor, just so the record's clear, I'm not at this time waiving time for [defendant], and I'm objecting to this preliminary hearing being set outside of ten days from December 2 based on my belief that there was not a time waiver."

*December 23, 2003*

Defendant appeared for the preliminary hearing on December 23, 15 court days after her appearance in custody. Defense counsel renewed his argument that defendant's matter should have proceeded on a no-time-waiver basis as of December 2. The magistrate concluded that defendant did not personally waive time on December 2. Because the 10-day time period had expired, he dismissed the complaint.

The prosecutor requested that the superior court reinstate the felony complaint pursuant to section 871.5. The superior court judge denied the motion, concluding that "the provisions of 859b were triggered [on December 2] because of [defendant's] in-custody status." The court stated, "[T]he critical language of the section provides that whenever the defendant is in custody, the magistrate shall dismiss or set the matter within ten court days from that time. [¶] What is critical here is that the defendant was in custody on December 2nd, 2003. Her custodial status triggered the requirements for her to personally waive under 859b . . . ." The People appeal from that ruling.

## DISCUSSION

■ On an appeal from such a ruling "we disregard the superior court's ruling and directly examine the magistrate's ruling to determine if the dismissal of the complaint was erroneous as a matter of law." (*People v. Massey* (2000) 79 Cal.App.4th 204, 210 [93 Cal.Rptr.2d 890].)

### *Interpretation of the Statute*

■ Section 859b governs the timely conduct of preliminary hearings. The statute is "supplementary to and a construction of the constitutional right to a speedy trial." (*People v. Luu* (1989) 209 Cal.App.3d 1399, 1404 [258 Cal.Rptr. 10]; *In re Samano* (1995) 31 Cal.App.4th 984, 990 [37 Cal.Rptr.2d 491] [Section 859b "dovetail[s] with the defendant's and the People's right to speedy trial"]; *People v. Kowalski* (1987) 196 Cal.App.3d 174, 179 [242 Cal.Rptr. 32] [Section 859b implements a defendant's speedy trial right].) "No affirmative showing of prejudice is necessary to obtain a dismissal for violation of the state constitutional speedy trial right as construed and implemented by statute." (*People v. Martinez* (2000) 22 Cal.4th 750, 766 [94 Cal.Rptr.2d 381, 996 P.2d 32] (*Martinez*), italics omitted.)

Section 859b provides, in pertinent part: "Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later, or within 10 court days of the date criminal proceedings are reinstated pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2."[3]

■ If the defendant is in custody, the court is required to dismiss the complaint upon the expiration of this 10-day period unless the defendant waives time or the prosecution establishes good cause for a continuance beyond that period.[4] If the People are unable to proceed within the 10-day period, but show good cause for a continuance, the in-custody defendant's preliminary examination may be set beyond the 10-court-day limit. However, if a continuance is granted, and absent specified exceptions, the defendant must be released from custody on his own recognizance.[5] The court is further

---

[3] The latter provision concerns the reinstatement of criminal proceedings after a mental competency determination. (4 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Pretrial Proceedings, § 129, p. 331.) Because this provision does not apply here, we refer to it only as necessary.

[4] Section 859b provides, in pertinent part: "Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment, plea, or reinstatement of criminal proceedings . . . and the defendant has remained in custody for 10 or more court days solely on that complaint, unless either of the following occur: [¶] (a) The defendant personally waives his or her right to preliminary examination within the 10 court days. [¶] (b) The prosecution establishes good cause for a continuance beyond the 10-court-day period."

[5] Section 1318 sets forth requirements that a defendant must accept to secure a release on his own recognizance.

required to dismiss the complaint after 60 days unless the defendant waives the right to a hearing within that period. (§ 859b.)

■ Statutory construction is a question of law which we decide independently. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956].) Our role in construing any statute is to ascertain the Legislature's intent and effectuate the purpose of the law. Generally, we accomplish this task by giving the statutory words their usual, ordinary meanings. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276 [14 Cal.Rptr.3d 1, 90 P.3d 1168].) " 'If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on [its] face . . . or from its legislative history.' " (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].)

■ The plain and mandatory language of section 859b leaves no room for doubt as to the legislative intention. When an in-custody defendant has not waived the 10-court-day limit and good cause for a continuance is not established, the statute requires a dismissal "if the preliminary examination is set or continued beyond 10 court days *from the time of the arraignment, plea, or reinstatement of criminal proceedings [after a mental competency determination.]*" (§ 859b, italics added.) Here, defendant waived the 10-court-day limit at the time of her plea and was released on her own recognizance. After also waiving the 60-day limit, she then failed to keep her promise to appear, remaining at large until arrested on a bench warrant. When she appeared in custody five months after her entry of plea, the 10- and 60-day periods set out in the statute had long since elapsed.

Nevertheless, defendant argues that denying her a speedy preliminary hearing within 10 court days "is squarely at odds with Section 859b's purpose to ensure defendants do not languish in custody while awaiting a preliminary hearing." Defendant relies on *Landrum v. Superior Court* (1981) 30 Cal.3d 1 [177 Cal.Rptr. 325, 634 P.2d 352] (*Landrum*) in which the Supreme Court, considering an earlier version of the statute, stated, "Section 859b reflects a clear legislative intention to prevent prolonged incarceration prior to a preliminary hearing." (*Id.* at p. 12.) The preceding paragraph of *Landrum*, however, clarifies the context of the court's statement: "The history of the statute illustrates the strong legislative purpose which underlies it. Prior to 1970, there was no statutory time limit. A preliminary examination merely had to be held without unreasonable delay. [Citation.] In 1970, the Legislature added a specific time limit, providing that a defendant who was in custody at the time of his arraignment or plea had a right to a preliminary

examination *within 10 court days of such arraignment or plea.* [Citation.] The time limit was further strengthened in 1977, when the Legislature rewrote the statute to specify that that the district attorney, as well as the defendant, had a right to a speedy preliminary examination. The 10-court-day rule could be violated 'in no instance' *where it was applicable.* [Citation.]" (*Ibid.*, italics added.)

 The *Landrum* court derived its description of legislative intent from the plain language of section 859b, as originally enacted and amended.[6] The Legislature has never codified a provision imposing a 10-court-day limit for defendants who, having previously waived time, find themselves in custody after a failure to appear. Nor has the Legislature created a provision for the withdrawal of properly entered waivers.

By contrast, section 1382, the speedy trial statute, specifically addresses both circumstances. Section 1382 provides that a defendant must be brought to *trial* within 60 days of his arraignment, or of reinstatement of his criminal proceedings after competency has been restored. (§ 1382, subd. (a)(2).) A defendant may enter a general waiver of the 60-day requirement, entitling the superior court "to set or continue a trial date without the sanction of dismissal should the case fail to proceed on the date set for trial." (§ 1382, subd. (a)(2)(A).) Section 1382 provides for the withdrawal of that time waiver, upon proper notice to all parties. The defendant must then be brought to trial within 60 days of the date of that withdrawal. (§ 1382, subd. (a)(2)(A).)

As to defendants who fail to appear, section 1382 states: "Whenever a defendant has been ordered to appear in superior court on a felony case set for trial or set for a hearing prior to trial *after being held to answer*, if the defendant fails to appear on that date and a bench warrant is issued, the defendant shall be brought to trial within 60 days after the defendant next appears in the superior court unless a trial date previously had been set which is beyond that 60-day period." (§ 1382, subd. (b), italics added.)[7]

---

[6] The statute was also amended in 1996 to require a speedy preliminary hearing upon reinstatement of criminal proceedings after a mental competency determination. (Stats. 1996, ch. 122, § 1, p. 462.)

[7] Section 1382 addresses the circumstances of defendants who fail to appear for misdemeanor trials. A defendant in custody who has been charged with a misdemeanor must be brought to trial within 30 days of arraignment or plea, whichever occurs later. (§ 1382, subd. (a)(3).) However, an action shall not be dismissed when "[t]he defendant in a misdemeanor case has been ordered to appear on a case set for hearing prior to trial, but the defendant fails to appear on that date and a bench warrant is issued, or the case is not tried on the date set for trial because of the defendant's neglect or failure to appear, in which case the defendant shall be *deemed to have been arraigned* within the meaning of this subdivision on the date of his or her subsequent arraignment on a bench warrant or his or her submission to

■ The Legislature has not inserted similar provisions in section 859b. Defendant asks that we "recogniz[e] the requirement of a new personal waiver under 859b for defendants who come into custody on a bench warrant, having previously waived time while out of custody." The Legislature may choose to articulate the rule defendant seeks. It is not for us to enact such a provision in their stead. "It is an elementary principle that the judicial function is simply to ascertain and declare what is in the terms and substance of a statute, not to insert what has been omitted or omit what has been inserted. [Citations.]" (*People v. Sharp* (2003) 112 Cal.App.4th 1336, 1342 [5 Cal.Rptr.3d 771].)

■ While defendant's circumstances fall outside the statute, she nevertheless retains her state constitutional speedy trial right. That right is self-executing and broader than its statutory implementation. Thus, "a defendant may claim a violation of the state Constitution's speedy trial right based on delay not covered by any statutory speedy trial provision." (*Martinez, supra,* 22 Cal.4th at p. 766.) To assert a speedy trial claim on a state constitutional rather than statutory ground, a defendant must affirmatively demonstrate prejudice, and the court must weigh the prejudicial effect of the delay against any justification. (*Id.* at pp. 766–767, 769.)

Defendant cannot demonstrate undue delay in the first instance. Under a constitutional standard, a defendant cannot be subjected to "seemingly limitless preliminary examination detention without a judicial determination of probable cause . . . ." (*Landrum, supra,* 30 Cal.3d at p. 11, fn. 14.) Here, however, the prosecutor was prepared to go forward at the preliminary hearing set for December 23, only 15 court days after defendant's appearance following arrest.[8]

### Equal Protection

Defendant urges that we must interpret section 859b to avoid violating her rights of equal protection under the federal and state Constitutions. (U.S. Const. 14th Amend; Cal. Const., art. I, § 7.) She claims that a defendant who waives time and then fails to appear is similarly situated to one who remains

---

the court." (§ 1382, subd. (a)(3)(C), italics added.) As noted, section 859b contains no similar "deeming" provision.

[8] We need not determine whether defendant's federal constitutional speedy trial right attached in these circumstances. (See *Martinez, supra,* 22 Cal.4th at pp. 761–763.) Assuming arguendo the right attached, defendant cannot establish a violation because no undue delay occurred. (See *Barker v. Wingo* (1972) 407 U.S. 514, 530 [33 L.Ed.2d 101, 92 S.Ct. 2182].)

in continuous custody from the time of arraignment. Defendant argues that to conclude otherwise would mean that two different custodial defendants would be treated differently based on the point at which they came into custody. Defendant's analysis misses the mark.

■ " '[N]either the Fourteenth Amendment of the Constitution of the United States nor the California Constitution [citations] precludes classification by the Legislature or requires uniform operation of the law with respect to persons who are different.' [Citation.] Thus, . . . a threshold requirement of any meritorious equal protection claim 'is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner. [Citation.]' [Citation.] 'This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." [Citation.]' [Citation.]" (*People v. Guzman* (2005) 35 Cal.4th 577, 591–592 [25 Cal.Rptr.3d 761, 107 P.3d 860].)

The two hypothetical defendants to whom defendant refers are treated differently because of their circumstances. A defendant who is denied bail or release on his own recognizance, or who is unable to make bail, remains in custody due to circumstances beyond his control. A defendant who is released is the captain of his own fate. If he appears for the hearing on a date to which he has consented, his matter is promptly adjudicated. A defendant who chooses to abscond, however, cannot have it both ways. By failing to appear and remaining at large until rearrested, he has created his own delay. Good reasons may exist for the Legislature to grant the prosecution and the court some degree of latitude in reinitiating the processes required to provide a hearing the defendant himself has delayed. The case must be reactivated, witnesses contacted, a courtroom secured, and the defendant's case reinserted into the group of other defendants seeking a speedy hearing.

Defendant relies on *People v. Nguyen* (1997) 54 Cal.App.4th 705 [63 Cal.Rptr.2d 173] (*Nguyen*), in which the defendant claimed an equal protection violation based on the difference in punishment for petty thieves who have prior serious felony convictions. A defendant convicted of two prior serious felonies, including or in addition to a prior theft-related conviction resulting in confinement, is subject to punishment under the three strikes provisions. On the other hand, a petty thief with no prior theft-related conviction is punished only as a misdemeanant, even if he has been convicted of serious nontheft felonies. (*Id.* at p. 713.) Applying an equal protection analysis, the court of appeal concluded the two groups were similarly situated for purposes of the "Three Strikes" law. The court stated: "Clearly, the

Legislature intended to enhance the punishment of individuals who had a history of serious felony offenses and had not been deterred from continuing to commit felony offenses. While it is clear that section 667, subdivisions (b) to (i) are aimed at offenders who have committed a current *felony*, it would be . . . circular to assert that this distinction establishes that the two groups of petty thieves herein in question are not 'similarly situated.' Each member of both of the groups has two prior serious felony convictions and a current petty theft conviction. While the classification of the current offense as a felony or misdemeanor differs based on distinctions in the criminal background of the two groups, it is this distinction which is challenged as not justified by the purpose of [the Three Strikes law.]" (54 Cal.App.4th at p. 715.)

Defendant argues by analogy to *Nguyen, supra,* 54 Cal.App.4th 705 that defendants in custody after a failure to appear and those who remain in custody from the time of arraignment or plea are similarly situated. Each member of the group is in custody awaiting a preliminary hearing, distinguished only by the time frame of their custodial status. She claims the purpose of section 859b, to avoid prolonged incarceration while awaiting preliminary examination, applies equally to both groups.

 Defendant's reliance on *Nguyen, supra,* 54 Cal.App.4th 705 fails for at least two reasons. First, while *Nguyen* discusses general equal protection provisions, it applies them to a very different set of circumstances not in question here. Second, defendant defines too narrowly the purpose of section 859b and the situation of those in each group. As noted, section 859b assures that defendants do not " 'suffer prolonged incarceration without a judicial determination of probable cause *merely because they are unable to post bond in order to gain their freedom.*' [Citation]" (*Landrum, supra,* 30 Cal.3d at pp. 11–12, italics added.) Defendants who are released on their own recognizance or post bail are restored to at least temporary freedom. They can choose, as defendant did here, to waive their right to have a preliminary hearing within 60 days of arraignment or plea. If they later fail to appear and are rearrested, their custodial status derives from their choice to abscond, not their inability to post bond.

Because defendant cannot demonstrate that section 859b treats similarly situated defendants differently, her equal protection claim fails.

## DISPOSITION

The magistrate's order dismissing the case is reversed. The matter is remanded for reinstatement of the complaint and setting of a preliminary hearing.

McGuiness, P. J., and Parrilli, J., concurred.

Respondent's petition for review by the Supreme Court was denied November 30, 2005.