Filed 10/4/13  P. v. Bullington CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057494 |
| v. | (Super.Ct.No. FVI1102681) |
| WILLIAM BULLINGTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Lorenzo R. Balderrama and John M. Tomberlin, Judges.  Affirmed.

Jesse W.J. Male and Michelle Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## INTRODUCTION

On March 1, 2012, a second amended complaint[1] charged defendant and appellant William Bullington with four counts of felony second degree robbery under Penal Code[2] section 211 (counts 1-4). As to each count, the complaint also alleged that the offenses were serious felonies within the meaning of section 1192.7, subdivision (c); and violent felonies within the meaning of section 667.5, subdivision (c). Furthermore, the complaint alleged that defendant was eligible for imprisonment under section 1170, subdivision (h)(3).

After a jury trial, on September 28, 2012, the jury convicted defendant of three counts of robbery (counts 1, 3, 4). As to count 2, the jury was unable to reach a verdict.

On November 2, 2012, on a motion by the People, the court dismissed count 2. The trial court imposed a four-year state prison sentence, and awarded defendant credit for time served of 343 actual days and 51 conduct credits pursuant to section 2033.1.

On November 9, 2012, defendant filed a timely notice of appeal.

## STATEMENT OF FACTS

*A. Factual Background*

Defendant is a 54-year-old Caucasian male, who weighs about 165 pounds and is five feet 11 inches tall. He owns a white Scion XB, with damage to its rear from being backed into a pole.

---

[1] The original complaint was filed on November 28, 2011.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

2

### 1. *The Buffet (Count 4)*

On September 17, 2011, defendant robbed a buffet restaurant in Hesperia. He gave a cashier a three-to-four-line note on a sheet of paper. The cashier only read the portion that said, "give me all the money. I'll shoot you." The cashier never saw a gun but saw defendant make a gesture with his pocket like he had a gun. The cashier put all the paper bills from her register into a black bag that defendant was carrying, and then defendant exited the restaurant. Defendant was wearing a "military color jacket," a hat, and reading glasses. The cashier described the robber as Asian when she called 911. A manager of the restaurant saw a man run out of the restaurant and drive off in a white smaller boxed car, like a Scion.

### 2. *The Thrift Store (Count 3)*

On October 14, 2011, defendant robbed a thrift store in Hesperia. Defendant gave an employee a handwritten note on an envelope and a black bag. Also, the employee got the impression that defendant had a gun. He was wearing a black jacket, red beanie, and sunglasses. One employee identified defendant in court as the robber. However, she was unable to identify defendant in a photographic lineup where she had identified two individuals as possible suspects. A witness was able to provide a partial Oregon license plate number to the police and had described the vehicle as a white compact four-door vehicle. The witness also described the fleeing man as about 30 years old, six feet tall, with a thin build and longer brown hair.

*3. The Mexican Restaurant (Count 2)*

Around 3:30 p.m., on November 25, 2011, a man entered a Mexican restaurant in Hesperia. He handed an employee a piece of paper and a black bag. The man was wearing a black ski mask, sunglasses, and a light blue hooded jacket with pockets. The employee could not determine the racial background of the man but "imagined he was a white guy" based on the skin she could see through the holes in the mask. The employee later described the man to the police as a thin white person, in his mid 30s with a medium build, wearing a brown hooded jacket. The employee did not understand what was written on the paper because she could not read English. The only word the employee recognized was "money." The employee summoned her manager and stayed in the back; she heard English being spoken and the sound of the register opening.

Based on gestures, the manager thought the man had a gun in his pocket and was robbing the restaurant. The manager opened the register and put all the bills in the bag. The manager thought that the man drove away in a white two-door vehicle. Another witness thought the vehicle was a Honda Fit. The manager later described the robber to police as an adult male, possibly Hispanic, about five-foot six inches tall.

*4. The Diner (Count 1)*

Around 8:00 p.m., on November 25, 2011, defendant entered a diner in Victorville. He placed a ripped piece of paper on the front counter that stated, "this is a robbery, and I need you to empty out the cash register as fast as you can because I have a gun in my pocket." An employee then opened the cash register and put all the bills into a small black plastic bag that defendant held out with both hands. The employee never saw a gun, but thought defendant had a gun because of something sticking out of his left pocket that could have been a real or fake gun. A witness saw someone drive away in a white hatchback.

*B. Procedural Background*

In the initial complaint filed on November 28, 2011, defendant was charged with a single robbery charge for the diner incident (count 1). Defendant was arraigned the next day. On December 7, 2011, defendant was informed that additional charges might be pending. After discussions with counsel, he agreed that his preliminary hearing would be timely if completed within 60 days of December 19, 2011.

Defendant's trial counsel was not provided with police reports from the other cases that the district attorney intended to file against defendant until January 11, 2012. On that date, defense counsel requested a short continuance. Defendant expressly agreed that his preliminary hearing would be timely if completed within 60 days of January 25, 2012.

On January 25, 2012, the prosecutor indicated a first amended complaint would be filed adding two new charges of robbery. The People requested a continuance of the preliminary hearing. Defendant expressly agreed that his preliminary hearing would be timely if completed within 60 days of February 8, 2012.

The first amended complaint was filed on February 7, 2012. It added two additional counts of robbery—one for the incident at the Mexican restaurant and one for the incident at the thrift shop. On February 8, 2012, defendant was arraigned on the new complaint. The People extended an offer and defense counsel reported that defendant wanted time to consider the offer. Defendant then expressly agreed that his preliminary hearing would be timely if completed within 60 days of February 29, 2012.

On March 1, 2012, the second amended complaint was filed. It added the fourth count of robbery for the incident at the buffet. On March 14, 2012, defendant was arraigned on the new complaint, his counsel requested confirmation of a preliminary hearing date.

On March 19, 2012, defense counsel reported that he was ready for the preliminary hearing and objected to any continuances. The People, however, indicated that they were not ready. The trial court continued the hearing to April 2, 2012, and noted that this was "within the current waiver of 60 days beyond February 29, 2012."

On March 28, 2012, the People reported a witness would not be available through April 10, 2012. The prosecutor confirmed that "2/29 plus 60 is the time situation." The trial court then continued the hearing to April 16, 2012, and noted that this was "within the current time waiver of 60 days beyond February 29, 2012." The minutes prepared for

6

that hearing, however, erroneously stated that "Defendant waives his/her right to a Preliminary Hearing within 10 court days and 60 calendar days under PC869b and 60 days beyond 4/16/2012."

On April 16, 2012, defense counsel reported, "We continue to be ready for the preliminary hearing." The prosecutor reported that a material witness was out of town, and the People again requested a continuance. The trial court, relying on the erroneous minutes, stated, "We do have 60 days beyond April 16th, 2012. What dates would you like?" Defense counsel responded, "I thought we had a little less than that, but I could be mistaken. But at any rate, I think the People said they could be ready next week." After discussing dates with counsel, the trial court stated to defendant, "Mr. Bullington, due to the fact the People have a necessary witness who is unavailable, [and] we do have 60 days beyond April 16, 2012, for your preliminary hearing, I'm going to set it for further pre-preliminary hearing, April 18th, 2012, this department at 8:30, with the preliminary hearing scheduled for April 23rd, 2012, also this department at 8:30. You are ordered back on both those days. That is within the current time waiver." Neither defense counsel nor defendant objected or indicated otherwise.

At the pre-preliminary hearing on April 18, 2012, both parties reported that they would be ready for the preliminary hearing on April 23, 2012.

On April 23, 2012, the prosecutor again reported that she was not ready to proceed because she had only secured 12 out of 13 witnesses. She requested new dates for the following week. Defendant's trial counsel objected, stated he was ready, and reported that no time waiver would be forthcoming. The trial court stated to defendant, "I'm not

7

going to ask you to waive any further time. We will set it within the previous time waiver over your objection." The trial court then set the preliminary hearing for May 3, 2012—outside defendant's actual expressed waiver but within the waiver period in the erroneous minutes. The prosecutor then asked the trial court to confirm "in terms of time." The trial court responded, "60 days beyond April 16th, 2012." Again, neither defendant nor defense counsel corrected the trial court.

On May 1, 2012, the trial court had the parties review the "rough minutes" of the April 16, 2012, proceedings. The court then stated that before the April 16 hearing, "the waiver was 60 days beyond February 29th. . . . Then it comes up for April 16th, 2012. It appears Judge Poncin says, 'The waiver is April 16th plus 60,' but that is not taken from the defendant himself. [¶] It would appear to me that we are beyond the 60-day waiver that we have to do this preliminary hearing. So I'm inclined to dismiss the case unless I hear any new information or anything else."

Another prosecutor then argued that there was an implied waiver because defense counsel did not object on April 16, and because the error was attributable to the trial court and not to the People. The trial court responded, "Well, the waiver is what comes from the defendant's mouth, and there was an error on the minutes on March 28th, 2012, where the People's motion to continue was granted, unavailable witness, and the defense counsel object[ed] to a continuance. [¶] Then when it comes down to the entering by the clerk, 60 days beyond April 16th, 2012, which is clearly in error when compared with the transcript for that date, so I'm going to dismiss the case."

8

Another prosecutor then interjected, and asserted that case law provided that once a waiver was provided the statutory remedy ceases to exist and only a good cause continuance analysis under section 1050 occurs. He also asserted that the error could not be imputed to the People because it was the trial court's error. The trial court then paused the proceedings to review a case provided by the People, *People v. Griffin* (1991) 235 Cal.App.3d 1740 (*Griffin*) (Fourth Dist., Div. Two). Resuming proceedings, the trial court stated that it had reviewed the transcripts from April 18 and 23, and concluded, "looking at both of them, there was an implied waiver of the time frame such that it would have indicated April 16th plus 60 days."

The prosecutor then noted that the trial court had informed defendant of the new dates on the 16th and 23rd. Defendant's trial counsel then stated that defendant had not said anything to the trial court and never stated he was waiving his right to a timely hearing. Defense counsel further noted that defendant's then counsel had indicated that he believed there was less time, and that the first dates were set within the time frame to which defendant had agreed. Defense counsel also noted that *Griffin* concerned trial deadlines under section 1382 that necessarily include a 10-day trailing period rather than the set deadline in section 859b. He went on to state that it would be unfair to punish defendant for the trial court's error, and concluded by noting that the People had remedies available to seek reinstatement of proceedings following a dismissal. The trial court then repeated its conclusion that an implied waiver existed, and reiterated the preliminary hearing date was set for May 3, 2012.

On the morning of May 3, 2012, the trial court commenced the hearing by stating that it wanted to provide further reasons for its denial of the motion to dismiss. The court recited what it thought had occurred and stated, "I did find good cause that there had been a grace period or an implied waiver of his prelim to the next court date of May 3rd, 2012, which is today, which is only three days beyond the previously given 60-day time wavier." The court then sated that it was relying on *Griffin* and *People v. Love* (2005) 132 Cal.App.4th 276, which the trial court described as holding that once a defendant had waived its speedy preliminary hearing right, the defendant only retained the protection of the constitutional speedy trial rights. Defendant was then arraigned on the third amended complaint and defense counsel then confirmed that he wanted to renew the motion to dismiss. The court sent the case to another department for the preliminary hearing.

At the commencement of the preliminary hearing, defense counsel noted that the issue regarding dismissal had already been discussed in the prior department but "in an abundance of caution" objected and made a motion to dismiss under "section 859(b)." The trial court noted that it had reviewed the minutes that indicated that the issue of dismissal had been litigated in the prior department, but did not have a transcript. The court then denied the motion to dismiss because it was not at liberty to reconsider the ruling in the previous department. The preliminary hearing then commenced, and defendant was held to answer on all counts and allegations.

The following day, on May 4, 2012, the People filed an information that mirrored the second amended complaint. On May 8, 2012, defendant was arraigned on the information and plead not guilty to all counts.

10

On May 18, 2012, defendant filed a motion to set aside the information under section 995. The motion stated that the trial court erroneously relied on *Griffin* and *Love*. The People opposed the motion and asserted that *Love*, *supra*, 132 Cal.App.4th 276, stood for the proposition that once a defendant has provided a waiver under section 859b, the defendant was no longer protected by the statute. The People also argued that an implied waiver occurred because of defendant's prior wavier, defense counsel's agreement as to dates, and the failure of counsel or defendant to object when the trial court stated the incorrect dates. On May 25, 2012, the trial court denied the motion because it believed that there was an implicit waiver. Thereafter, following a discussion about retention of experts, defendant provided a limited speedy trial waiver by agreeing his trial would be timely if it began within 60 days of June 12, 2012. On June 12, defendant extended that agreement to within 60 days of July 27, 2012.

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

11

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER _____
J.


We concur:


HOLLENHORST _____
Acting P. J.


KING _____
J.