Filed 12/3/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GER LEE,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | F088934<br><br>(Super. Ct. No. F20900024)<br><br><br>**OPINION** |

ORIGINAL PROCEEDINGS; Petition for Writ of Mandate.  Jonathan B. Conklin, Judge.

Michael J. Aed and Kendall Simsarian for Petitioner.

No appearance for Respondent.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, James William Bilderback II, Assistant Attorney General, Kenneth N. Sokoler and Ross K. Naughton, Deputy Attorneys General, for Real Party in Interest.

-ooOoo-

Petitioner Ger Lee contends his right to a speedy preliminary hearing under Penal Code[1] section 859b was violated. General time waivers are irrevocable under section 859b. However, while petitioner entered a general waiver of his right to have the preliminary hearing held within 60 days of his initial arraignment, he did not enter a general waiver of his right to have the preliminary hearing held within 60 days of his arraignment on the amended complaint. Petitioner's preliminary hearing was held on a date beyond the limited time waiver he did enter when he was arraigned on that amended complaint. Accordingly, we issue a peremptory writ directing the trial court to set aside the information and dismiss the complaint as to petitioner.

## BACKGROUND

### *Complaint*

On January 2, 2020, a felony complaint was filed against petitioner Ger Lee and several codefendants.[2] The complaint charged defendants with four counts of murder, one count of conspiracy to commit murder, and 12 counts of attempted premeditated murder, as well as multiple enhancements including that each of the four defendants personally discharged a firearm causing great bodily injury or death.[3] (§ 12022.53, subd. (d).)

The charges arose out of an alleged plan by the "Mongolian Boys Society" (MBS) gang to avenge a prior killing they believed to have been perpetrated by members of the "Asian Crips" gang. Petitioner allegedly held a meeting where MBS gang members selected a home believed to be frequented by Asian Crips gang members as a target. On

---

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.

[2] The codefendants charged with petitioner are: Anthony Montes, Porge Kue and Billy Xiong. Petitioner's codefendants are not parties to this appeal.

[3] The final count of attempted murder contained typos which at certain points indicated the charge was murder and at other points indicated the charge was attempted murder. An amended complaint clarified the charge was attempted murder.

2.

November 17, 2019, codefendants Kue and Montes allegedly shot and killed four individuals at the residence and wounded six others, while others stood as lookouts.

### Arraignment and General Time Waiver

Petitioner was arraigned on February 11, 2020, where he entered a general time waiver. The court later described the waiver as follows:

> "There was a general, unlimited time waiver entered at arraignment. It was not a time waiver plus, it was not . . . a limited waiver of the 60-day rule that has happened in some cases, where the Defense would say, 'Judge, we're waiving 60, plus 10,' or 'We're wa[i]ving 60 to a certain date.' It was an unlimited, general time waiver."

### Subsequent Proceedings

At a pre-preliminary hearing on January 7, 2021, petitioner's counsel purported to withdraw the general time waiver. The court responded, "All right. If that's done, then he's entitled to a prelim within a reasonable period of time, not necessarily 60 specific, from today."

An amended complaint was filed on May 24, 2021. The amended complaint altered the language of the gun enhancement, now stating that petitioner was "a principal in the commission" of the offense and that "a principal" personally and intentionally discharged a firearm. (§ 12022.53, subds. (d), (e)(1).) Petitioner was arraigned on the amended complaint the same day, where he agreed to a time waiver to August 16, 2021, plus 10 court days.

### August 30, 2021 Hearing

Judge Michael Idiart presided at a hearing on August 30, 2021. The prosecutor requested a continuance. Counsel for codefendant Kue indicated she also would not be able to proceed "in a competent way" with the preliminary hearing that day. Kue's counsel indicated she still had a substantial amount of discovery to review.

Petitioner's counsel acknowledged that he had "waived time" at the last hearing "with the understanding that this preliminary hearing was going to proceed on August the

3.

16th, plus 10 days." However, petitioner's counsel objected to any further continuance. Counsel for codefendants Montes and Xiong also objected to any continuance. The court continued the preliminary hearing to October 25, 2021, on a finding of good cause as stated by the prosecutor.

### October 25, 2021 Hearing

Judge Idiart presided at the October 25, 2021 hearing. The court indicated it had received a written motion to continue from the prosecutor because he was in a jury trial. Additionally, three of the four defendants were in quarantine due to the COVID-19 pandemic. Codefendant Montes was not in quarantine, but was "in lockdown." The court granted a continuance to November 2, 2021. Petitioner's counsel stated he believed the case was "timed out," and objected to the continuance.

### November 2, 2021 Hearing

Judge Idiart presided at the November 2, 2021 hearing. Petitioner, Kue and Xiong were still in quarantine, which was scheduled to last until November 9, 2021. Accordingly, the court found good cause to continue the preliminary hearing to November 9, 2021. Petitioner's counsel again stated his position that the case had "timed out" and that the case should be dismissed and refiled.

### November 9, 2021 Hearings

Judge Idiart again presided at a hearing on the morning of November 9, 2021. The court, apparently referring to an off-the-record discussion with counsel, said it had "informally" announced the case would be sent to Judge Arlan Harrell. In response to that informal announcement, petitioner's counsel "indicate[d] that Penal Code [s]ection 987.9[, subdivision ](a) might be an issue on funding, and who handles those and who can't handle them, for trial on a capital case." Judge Idiart stated he conferred with Judge Harrell and they both decided the statute did not prevent Judge Harrell from presiding at the preliminary hearing. Judge Idiart stated the preliminary hearing was being assigned to Judge Harrell in Department 62 at 1:30 p.m.

4.

Judge Harrell presided over the preliminary hearing that same afternoon, November 9, 2021. Before the substance of the preliminary hearing began, petitioner's counsel again raised the section 987.9, subdivision (a) issue. Petitioner's counsel said, "I have no objection to this Court hearing the preliminary hearing." Counsel for codefendant Kue, had a different position, stating she realized the court was not presiding over the actual trial, but that she read the statute as referring to "trial jurisdiction," which lies with the superior court. Judge Harrell concluded section 987.9's reference to the trial court meant the judge presiding at trial. Consequently, Judge Harrell agreed that he could not sit as *trial* judge in a capital case under section 987.9, but concluded that he could sit as magistrate presiding over the preliminary hearing.

The preliminary hearing was conducted through December 15, 2021, where the court held petitioner (and his codefendants) to answer on all charges in the first amended complaint.

### Subsequent Proceedings

The information was filed on January 12, 2022.

On January 14, 2022, the People filed a notice of intent to seek the death penalty against petitioner, Montes and Kue.

On June 12, 2023, petitioner filed a motion to set aside the information. (§ 995.) This initial motion did not raise timeliness issues under section 859b.

On August 1, 2024, petitioner filed a supplemental memorandum of authorities claiming the case had "timed out" under the 60-day rule found in section 859b.

On October 25, 2024, Judge Jonathan Conklin denied petitioner's motion.

On November 13, 2024, petitioner filed a petition for writ of prohibition or other appropriate relief and request for stay. The petition raised four grounds for relief: (1) the case was timed out under section 859b; (2) Judge Harrell was disqualified to preside over the preliminary hearing under section 987.9, subdivision (a); (3) the record was not

timely certified under section 190.9 and California Rules of Court, rule 8.613; and (4) there was insufficient evidence to support the gang allegations.

In an order filed April 23, 2025, this court denied the petition in its entirety without an opinion. In an order filed June 11, 2025, the California Supreme Court granted review and transferred the matter back to this court with directions to vacate the order denying prohibition, and issue an order to show cause (OSC) as to why the information should not be set aside on the ground that petitioner's right to a speedy preliminary hearing under section 859b was violated. The Supreme Court denied petitioner's request for a stay.

On June 16, 2025, we vacated our prior order and issued an OSC in accordance with the Supreme Court's directive, and requested briefing from the parties. The Attorney General and petitioner filed briefing and exhibits. This briefing, and the Supreme Court's order, referenced only the speedy preliminary hearing issue and not the three other issues raised in the initial writ petition and rejected by this court in its April 23, 2025 order. After considering the speedy preliminary hearing issue, we conclude petitioner did not waive his right to a speedy preliminary hearing on the *amended* complaint. Consequently, we will issue a peremptory writ.

## DISCUSSION

**Petitioner's Speedy Preliminary Hearing Rights Under Section 859b Were Violated**

Petitioner contends the court erred in denying his section 995 motion because his preliminary hearing violated the 60-day rule in section 859b. That rule states:

> "The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, . . . unless the defendant personally waives his or her right to a preliminary examination within the 60 days." (§ 859b.)

While petitioner relies on this 60-day limit, it is relevant to our discussion of other cases to note that section 859b also requires that, if the defendant is in custody, the

preliminary hearing be held within 10 court days of the arraignment or plea. (§ 859b.) Unlike the 60-day limit, the 10-court-day limit can be extended upon a showing of good cause. (§ 859b.)

### *Timeline*

Petitioner was arraigned on the original complaint on February 11, 2020, and entered a general time waiver. On January 7, 2021, petitioner purported to withdraw the time waiver. The prosecutor filed an amended complaint on May 24, 2021, and petitioner was arraigned on the amended complaint on the same day. Petitioner did not enter a general time waiver at the second arraignment.[4] The preliminary hearing commenced on November 9, 2021.

The trial court and Attorney General conclude that *People v. Love* (2005) 132 Cal.App.4th 276 (*Love*) is controlling, and that petitioner's general time waiver was irrevocable. In contrast, petitioner relies heavily upon *Garcia v. Superior Court* (2020) 47 Cal.App.5th 631 (*Garcia*), in arguing that the second arraignment began a new 60-day "clock" for which no waiver was entered. We address each case in turn.

### *People v. Love (2005) 132 Cal.App.4th 276*

In *Love*, the defendant entered a plea of not guilty to a charge of receiving stolen property on July 3, 2003. She waived her right to have a preliminary hearing within 10 court days. The defendant was directed to appear on August 7, 2003, where she then waived her right to have a hearing within 60 days. She was ordered to appear on September 26, 2003, which she did not do. A bench warrant was issued for her arrest. (*Love*, *supra*, 132 Cal.App.4th at pp. 280–281.)

On December 2, 2003, the defendant appeared before the court in custody. The clerk asked if the defendant was going to continue " 'waiving ten and sixty?' " (*Love*,

---

[4] Petitioner did agree to a *limited* time waiver to August 16, 2021, plus 10 court days.

*supra*, 132 Cal.App.4th at p. 281.)  Defense counsel responded, " 'Yeah. . . .  I think once waived, it's been waived, but at this point since she's in custody, I'd ask for whatever earliest date you can give me.' "  (*Ibid.*)

On December 15, 2003, the defendant appeared in custody for her preliminary hearing represented by a different public defender.  The court indicated no courtrooms were available and the matter would be continued.  Defense counsel indicated he did not believe a waiver had been entered.  The court observed that it had " 'a note' " that the waiver was " 'continued' " on December 2, 2003.  (*Love, supra*, 132 Cal.App.4th at p. 281.)  The court scheduled the preliminary hearing for December 23, 2003.  Defense counsel stated, " 'Your Honor, just so the record's clear, I'm not at this time waiving time for [the defendant], and I'm objecting to this preliminary hearing being set outside of ten days from December 2 based on my belief that there was not a time waiver.' "  (*Id.* p. 282.)

The defendant appeared for the preliminary hearing on December 23, 2003, which was 15 court days after her appearance in custody on December 2, 2003.  The magistrate concluded that the defendant did not *personally* waive time on December 2, 2003.  Since the 10-court-day time period had expired, the magistrate dismissed the complaint.  (*Love, supra*, 132 Cal.App.4th at p. 282.)  The superior court declined the prosecutor's request to compel the magistrate to reinstate the complaint.  (*Ibid.*; see § 871.5.)

The Court of Appeal reversed.  (*Love, supra*, 132 Cal.App.4th at p. 289.)  The court noted there was no statutory provision imposing the 10-court-day limit "for defendants who, having previously waived time, find themselves in custody after a failure to appear."  (*Id.* at p. 285.)

More relevant to the present case, *Love* went on to observe that the Legislature had not "created a provision for the withdrawal of properly entered waivers."  (*Love, supra*, 132 Cal.App.4th at p. 285.)  The court noted that this was in contrast to the statute governing the right to a speedy trial.  That statute – section 1382 – expressly provided for

8.

withdrawal of a time waiver upon proper notice to all parties and required trial within 60 days of withdrawal. (*Love*, *supra*, at p. 285, citing § 1382, subd. (a)(2)(A).) *Love* held that it was not the role of the courts to insert a similar provision into section 859b. (*Love*, at p. 286.) Accordingly, the Court of Appeal reversed the magistrate, and directed that the complaint be reinstated. (*Id*. at p. 289.)

We agree with *Love* that general time waivers of the time limits in section 859b may not be withdrawn. (*Love*, *supra*, 132 Cal.App.4th at p. 285.) "We must interpret a statute in context, examining other legislation on the same or similar subjects to ascertain the Legislature's probable intent." (*Estate of Burden* (2007) 146 Cal.App.4th 1021, 1028.) As *Love* observed, the Legislature included a waiver withdrawal provision in the statute governing the right to a speedy *trial* (§ 1382), but did not include such a provision in the statute governing the right to a speedy *preliminary hearing* (§ 859b). Section 1382 shows us the Legislature knew how to permit the withdrawal of time waivers, yet it did not do so in section 859b. The Legislature can change this at any time; but, until it does, courts are powerless to insert such a provision where none exists. (*Love*, *supra*, at p. 286; Code Civ. Proc., § 1858.)

Petitioner contends the rule promulgated in *Love* only applies to the 10-court-day limit in section 859b, not the 60-day limit. However, *Love*'s reasoning applies with equal force to the 60-day limit. *Love*'s essential premise that the Legislature has not "created a provision for the withdrawal of properly entered waivers" (*Love*, *supra*, 132 Cal.App.4th at p. 285) is as true with respect to waivers of the 60-day limit as it is of the 10-court-day limit.

Similarly, *Love*'s second premise – that courts are powerless to create such a statutory provision where none exists (*Love*, *supra*, 132 Cal.App.4th at p. 286) – is also not limited by logic or principle to the 10-court-day limit to the exclusion of the 60-day limit. Just as courts cannot impose a waiver withdrawal provision with respect to the 10-court-day limit, they may not do so with respect to the 60-calendar-day limit.

9.

Petitioner also suggests that *Love* only applies where a defendant waives time and then fails to appear, causing their own delay. But *Love*'s reasoning pertains to statutory interpretation separate from the specific facts of the *Love* case. The fact that section 859b has no provision for withdrawal of a general time waiver is unchanged by the circumstances of any particular defendant's case.

Petitioner urges us to reject *Love* in favor of *Favor v. Superior Court* (2021) 59 Cal.App.5th 984. But we see no conflict between the two cases. Indeed, *Favor* does not even mention *Love*. The cited portion of *Favor* finds it immaterial that section 859b does not expressly authorize a limited waiver of its time limits. (*Favor*, *supra*, at p. 991.) This is different than *Love*, which observed that section 859b does not expressly authorize *withdrawal* of a waiver. (*Love*, *supra*, 132 Cal.App.4th at pp. 285–286.) In any event, *Favor* found the lack of express authorization for limited waivers immaterial because the ability of litigants to *waive* statutory rights is well established by other sources of law, such as decisional authority and statutes like Civil Code section 3513. (*Favor*, *supra*, at p. 991.) In other words, the default rule generally permitting waivers of statutory rights is found outside section 859b, so its absence from the statute itself is immaterial. In contrast, petitioner cites no general default rule that one can *withdraw* any waiver previously made.

Petitioner also contends that Fresno Superior Court regularly permits withdrawal of general time waivers. Assuming that is true, it would generally prejudice the prosecution in those cases, not the defendants whose invalid withdrawals are being given effect. In any event, the frequency of a practice does not conclusively establish compliance with governing statutes.

In sum, we agree with *Love* that general time waivers of the time limits in section 859b are irrevocable. Next, we turn to *Garcia*.

10.

### Garcia v. Superior Court (2020) 47 Cal.App.5th 631

In *Garcia*, the defendant was arraigned on June 21, 2019.  At arraignment, the defendant entered a plea of not guilty and waived his right to a preliminary hearing within 10 court days and 60 calendar days of arraignment.  Preliminary hearing was set for August 2, 2019.  (*Garcia*, *supra*, 47 Cal.App.5th at p. 637.)

On July 15, 2019, the prosecution filed an amended complaint adding three counts of child pornography possession against the defendant.  The defendant was arraigned the next day where he entered a not guilty plea, but did *not* waive time (nor was he asked to).  (*Garcia*, *supra*, 47 Cal.App.5th at p. 638.)

On August 2, 2019, the defendant waived his speedy preliminary hearing rights with the understanding the hearing would occur on August 23, 2019, or within 30 days thereof.  (*Garcia*, *supra*, 47 Cal.App.5th at pp. 638–639.)

The hearing was continued and/or "trailed" several times until September 23, 2019.  (*Garcia*, *supra*, 47 Cal.App.5th at pp. 639–640.)  On September 23, 2019, defense counsel stated he had the right to a preliminary hearing " 'today' " and would not be waiving time nor asking for a continuance.  (*Id*. at p. 641.)  The court cited *Love*, and stated that once a waiver was made, it could not be withdrawn.  The prosecutor stated it would proceed with the preliminary hearing that day.  The court continued the preliminary hearing to September 26, 2019.  (*Ibid*.)

On September 25, 2019, the defendant filed a motion to dismiss the action pursuant to section 859b.  (*Garcia*, *supra*, 47 Cal.App.5th at p. 641.)  The court denied the motion, concluding that the original waiver was still in effect, and the amendment to the complaint did not trigger a new 10-court-day or 60-day period.  (*Id*. at p. 642.)

The Court of Appeal granted writ relief to the defendant.  (*Garcia*, *supra*, 47 Cal.App.5th at pp. 655–656.)  The court observed that the case was different than *Love* because the defendant never asked to withdraw his time waiver to the original complaint.  Instead, the question was whether section 859b *also* required a preliminary hearing

11.

within 10-court-days/60 days of the arraignment on the *amended* complaint.  (*Garcia*, *supra*, at p. 650.)  The court held that because the statute required a timely preliminary hearing following an "arraignment," that would apply equally to arraignment on an amended complaint as it would to an arraignment on the original complaint.  (*Ibid.*)

We agree with *Garcia* that, under the language of the statute, a new 60-day "clock" begins running when a defendant is re-arraigned on an amended complaint.  The statute requires the preliminary hearing to be set no more than "60 days from the date of the arraignment, plea . . . unless the defendant personally waives his or her right to a preliminary examination within the 60 days."  (§ 859b.)  The effect of this provision is relatively straightforward:  absent a waiver, the preliminary hearing cannot be set more than 60 days from an arraignment or entry of a plea.  Thus, whether there is one arraignment or several, the preliminary hearing cannot be set more than 60 days after *any* arraignment or entry of any plea.

Moreover, we note that the opposite approach would lead to results impossible to square with legislative intent.  "Section 859b reflects a clear legislative intention to prevent prolonged incarceration prior to a preliminary hearing."  (*Landrum v. Superior Court* (1981) 30 Cal.3d 1, 12.)  If irrevocable general time waivers applied to future amended pleadings that did not even exist when the waiver was made, "then a defendant could enter a personal time waiver at that first arraignment with bail having been set, and later be placed on a no-bail hold as a result of a second arraignment on an amended complaint that added more serious charges."  (*Garcia*, *supra*, 47 Cal.App.5th at p. 648.)  In that circumstance, the defendant would "be subject to prolonged incarceration with no statutory mechanism for asserting his or her right to a timely preliminary hearing."  (*Ibid.*)

The Attorney General asserts, *Garcia* can also lead to results apparently contrary to legislative intent.  For example, a prosecutor who simply wanted more time to prepare for a preliminary hearing could file an amended complaint with only some trivial change,

12.

re-arraign the defendant on the amended complaint, and effectively reset the clock. However, if following the statute as written and inserting text into the statute both present confounding possibilities, we must follow the statute as written.

The Attorney General urges us to hold that only "substantive" amendments to a complaint trigger a new "clock" under section 859b. Petitioner insists the amendments to the complaint *were* substantive because the original complaint alleged he personally and intentionally discharged a firearm (§ 12022.53, subd. (d)) while the amended complaint alleged he was a principal and that a principal personally and intentionally discharged a firearm. (§ 12022.53, subds. (d), (e)(1).)

The Attorney General argues that courts have developed a distinction between substantive and nonsubstantive amendments in the context of the speedy trial statute, section 1382. (See *Perez v. Superior Court* (1980) 111 Cal.App.3d 994, 998–999, disapproved on other grounds by *People v. Engram* (2010) 50 Cal.4th 1131, 1159–1162.) He urges us to import that distinction to section 859b. The problem with this approach is that it is completely untethered from the text of section 859b. Not only is the statute silent on substantive versus trivial pleading amendments, it does not calculate its time limits with respect to pleadings at all. Instead, it calculates time limits with respect to a specific hearing: arraignments.[5] While we understand the benefits of reading sections 1382 and 859b harmoniously wherever possible, we cannot rewrite the statute " ' "under the guise of construction." ' " (*Lincoln Unified School Dist. v. Superior Court* (2020) 45 Cal.App.5th 1079, 1090.)

---

[5] Or, in other contexts, at the entry of a plea, or reinstatement of certain criminal proceedings. (§ 859b.)

*Mendoza v. Superior Court (2025) 114 Cal.App.5th 456*

The First Appellate District recently issued an opinion in *Mendoza v. Superior Court* (2025) 114 Cal.App.5th 456 (*Mendoza*). That case, while distinguishable, contains analogous reasoning consistent with our conclusions here.

At his original arraignment on November 12, 2024, Mendoza did not waive his right to a preliminary hearing within 60 days under section 859b.[6] (*Mendoza*, *supra*, 114 Cal.App.5th at p. 463.) Just before the 60-day time limit was reached, the prosecution moved to amend the complaint. The trial court was initially hesitant to allow an amended complaint, but eventually concluded that the amended complaint would reset the 60-day period under *Garcia*. (*Id*. at pp. 463–464.) Mendoza refused to waive time. (*Id*. at p. 464.) The court permitted the prosecution to file an amended complaint, and Mendoza waived arraignment on the amended complaint. The court scheduled the preliminary hearing for January 23, 2025, though it actually occurred on January 24, 2025. (*Ibid*.) Mendoza sought writ relief in the Court of Appeal on the grounds that the preliminary hearing occurred more than 60 days after his arraignment on the original complaint. (*Id*. at pp. 464–465.)

Interestingly, the People's position on appeal in *Mendoza* was consistent with the one we adopt in the present case – i.e., that "a new 60-day period begins to run when an arraignment or plea is necessitated by an amended complaint." (*Mendoza*, *supra*, 114 Cal.App.5th at p. 469.) However, the Court of Appeal did not apply that principle in *Mendoza* because it concluded that restarting the 60-day period upon the filing of an amended complaint *without a personal waiver from the defendant* would effectively create an extra statutory good-cause exception to the 60-day requirement. (*Ibid*.)

---

[6] He did waive his right to a preliminary hearing within 10 court days. (*Mendoza*, *supra*, 114 Cal.App.5th at p. 463.)

14.

However, in contrast to *Mendoza*, petitioner in the present case *did* waive the 60-day time limit at the original arraignment. Indeed, *Mendoza* itself acknowledges the pivotal role of this distinction. The opinion states, "we take no issue with *Garcia*'s ultimate conclusion that, in cases where a defendant initially waives the time limits in section 859b, and the People thereafter file an amended complaint, the statutory time periods are reset and the defendant is entitled to demand that the preliminary hearing occur within 10 court days from the arraignment or plea on the amended complaint." (*Mendoza*, *supra*, 114 Cal.App.5th at p. 472.) So while *Mendoza*'s primary holding is distinguishable from the present case, its discussion of *Garcia* is actually consistent with our approach here.

Also pertinent to the present case is *Mendoza*'s treatment of the People's argument "that their construction could be limited to situations where the arraignment or plea is to an amended complaint that adds a 'substantive' charge." (*Mendoza*, *supra*, 114 Cal.App.5th at p. 473.) As noted above, the People make an analogous contention in the present case that only "substantive" changes to the complaint should trigger a reset of the 60-day limit. Yet *Mendoza* rejected the proposed distinction that turned on substantiveness as "find[ing] no support in the language of section 859b." (*Ibid*.) We reject the People's argument in the present case on similar grounds. As relevant here, the calculation of section 859b's 60-day limit is based not on complaints but arraignments. Unlike amendments to complaints – which can vary in their substantiveness – an arraignment either occurs or it does not. The statute is clear that when an arraignment occurs, the preliminary hearing must take place within 60 days.

### *Conclusion*

In sum, petitioner irrevocably waived his right to a preliminary hearing within 60 days of his first arraignment. However, petitioner did not irrevocably waive his right to a preliminary hearing within 60 days of his second arraignment. Consequently, the

15.

commencement of the preliminary hearing beyond the limits of his limited waiver and beyond the 60-day limit in section 859b required dismissal of the complaint.[7]

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order denying petitioner's motion to set aside the information, and to thereafter enter a new and different order setting aside the information and dismissing the complaint as against petitioner.

DETJEN, Acting P. J.

WE CONCUR:

PEÑA, J.

DE SANTOS, J.

---

[7] As a result of our conclusion, we do not address the remaining contentions of the parties.

16.