[Crim. No. 11214. Fourth Dist., Div. One. Feb. 21, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM BRYAN BUSS, Defendant and Appellant.

COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Victoria Sleeth for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STANIFORTH, J.**—A jury convicted William Bryan Buss of the unlawful driving or taking of a vehicle (Veh. Code, § 10851). On appeal Buss asserts reversible error in that the trial court denied his pretrial

"Beagle" (*People* v. *Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1]) motion to exclude evidence (to be offered for impeachment purposes) of a 1974 Indiana felony conviction of auto theft. Buss did not testify in his own defense; he offered no explanation of his possession, driving, of a recently stolen automobile.

## DISCUSSION

■ Buss contends (1) the "prior" auto theft and the charged unlawful taking or driving of a vehicle constitute "the same or substantially similar" conduct and thereby created a "unique risk of undue prejudice and confusion of issues" (*People* v. *Antick* (1975) 15 Cal.3d 79, 97 [123 Cal.Rptr. 475, 539 P.2d 43]) which occurs when the prior convictions are admitted to impeach the credibility of a defendant who testifies, and (2) the adverse effect on the administration of justice when a defendant elects not to take the stand in order to keep information about his prior felony convictions from the jury. (*People* v. *Beagle, supra*, 6 Cal.3d 441, 453.)

■ Evidence Code section 788 permits proof of a prior felony conviction for the purpose of impeaching the credibility of a witness. However, Evidence Code section 352 obligates the trial court upon request to exercise its discretion and to exclude such evidence "if its probative value is substantially outweighed by the probability that its admission will. . .(b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (Evid. Code, § 352; *People* v. *Beagle, supra*, at pp. 451, 454.)

In exercise of its discretion, the court is to consider these four factors: (1) the prior reflects on the individual's honesty and veracity; (2) the prior is remote; (3) it is similar or identical to the charged crime; and (4) the accused will testify. (*People* v. *Beagle, supra*, at p. 453; *People* v. *Fries* (1979) 24 Cal.3d 222, 226-232 [155 Cal.Rptr. 194, 594 P.2d 19].)

The first two factors are not here in dispute, lack of remoteness as well as some probative value of the prior may be conceded, yet Buss contends the prior conviction would have moved the jury to conclude "once a car thief, always a car thief."

■ The Supreme Court in *People* v. *Fries, supra*, 24 Cal.3d 222, treats with the issue. Fries was charged with robbery. At the close of

the prosecution's case, he moved to exclude evidence of a prior robbery conviction. After the trial court denied defense motion, defense introduced testimony of one witness but Fries declined to testify in his own behalf. (*Id.*, at pp. 224-225.) The majority reversed Fries' conviction, reasoning although robbery was probative on the issue of witness credibility, yet "'[a] jury which is made aware of a similar prior conviction will *inevitably* feel pressure to conclude that if an accused committed the prior crime he likely committed the crime charged.' [Citation; italics added.] Consequently, this court has warned that similar or identical priors should be admitted 'sparingly.' [Citation.]" (*People v. Fries, supra*, 24 Cal.3d at p. 230.) That prejudice flows from such a conclusion needs no documentation beyond common sense.

Nor is the prosecution's contention as to the dissimilarity between defendant's prior conviction for car theft and the instant complaint of unlawful driving or taking of a vehicle persuasive. Vehicle Code section 10851 is a lesser included offense of Penal Code section 487, subdivision 3, grand theft, auto. (Cf., *People v. Kehoe* (1949) 33 Cal.2d 711, 713-714 [204 P.2d 321]; *People v. Jaramillo* (1976) 16 Cal.3d 752, 755-756 [129 Cal.Rptr. 306, 548 P.2d 706].) The jury could easily conclude since the defendant was convicted of prior auto theft requiring intent to permanently deprive, then surely he would "take" within the meaning of Vehicle Code section 10851. Moreover, testimony at trial (as well as the court record) equated the offense charged with automobile theft thereby making jury confusion inevitable had this prior offense been introduced. Thus, the prior conviction was "similar" within the meaning of *People v. Fries, supra*, 24 Cal.3d 222, 230.

Compounding the "unique risk" of prejudice was the fact that Buss did not testify, presumably as a result of a tactical decision made under threat of use of the prior conviction. The Supreme Court stressed this second consideration favoring exclusion of prior conviction since "appellant's testimony might have contributed to the jury's understanding of the case, since no other witness testified to a defense version of the facts. [Citation.] Among the more obvious potential defenses to which appellant might have testified are alibi, mistaken identification, diminished capacity, or presence at the scene of the robbery, without aiding or abetting it." (*People v. Fries, supra*, 24 Cal.3d 222, 231.)

As in *Fries, supra* (at pp. 233-234), we have no clue as to what Buss might have testified. "Absent any basis for concluding that such testi-

mony would not have affected the result," *People* v. *Watson* (1956) 46 Cal.2d 818, 837 [299 P.2d 243], dictates reversal. (*People* v. *Fries, supra*, 24 Cal.3d at pp. 233-234; accord, *People* v. *Spearman* (1979) 25 Cal.3d 107, 115 [157 Cal.Rptr. 883, 599 P.2d 74].)

Judgment reversed.[1]

Cologne, Acting P. J., and Henderson, J.,* concurred.

---

[1]We do not reach Buss' contention of error in the sentencing court's calculation of work time credit in view of the disposition of his primary contention. This issue is presently before the California Supreme Court. (*People v. Sage,* (Cal.App.)▌ Crim. 20997, hg. granted May 30, 1979; *People v. Brown* (Cal.App.) Crim. 20998, hg. granted May 30, 1979; *In re Davis* (Cal.App.) Crim. 20999, hg. granted May 30, 1979; *In re Ferrier* (Cal.App.) Crim. 21183, hg. granted Oct. 11, 1979.)

*Assigned by the Chairperson of the Judicial Council.