Filed 6/23/14  P. v. Majidi CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B248279 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA073107) |
| v. | |
| MOHAMMAD MAJIDI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Michael Jesic, Judge.  Reversed in part and affirmed in part.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Tasha G. Timbadia, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted defendant Mohammad Majidi of grand theft auto (Pen. Code, § 487, subd. (d)(1))[1] (count 1), fraudulently writing a nonsufficient funds check (§ 476a, subd. (a)) (count 2), second degree burglary (§ 459) (count 3), and the unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)) (count 4).

The trial court sentenced defendant to county jail for the midterm of two years on count 1. Defendant was sentenced to concurrent sentences of the midterm of two years on counts 2 through 4, which sentences were stayed pursuant to section 654.

Defendant appeals on the grounds that (1) evidence of other crimes was prejudicial and deprived him of his right to due process and a fair trial, and (2) it was error to convict him of both grand theft auto and the unlawful taking of a vehicle based on the same act. The People concede the second point, and we accordingly reverse the judgment in count 4. Otherwise, we affirm.

## FACTS

Anthony Lucas is a salesperson at Keyes Hyundai in Van Nuys. On November 23, 2012, he assisted defendant with the test drive and ostensible purchase of a pre-owned Hyundai Sonata. In connection with the transaction, defendant filled out and signed a credit application, providing information such as his name, address, references, and monthly income.

Lucas gave the application to the sales manager, Darin Lawrence, to complete a credit check. Lawrence determined that a $5,000 down payment was required for defendant to purchase the car. Defendant agreed to the terms and was taken to the finance department to meet with Fedy Giragosian, the finance manager. Defendant reviewed and signed purchase documents and provided Giragosian with a personal check for $5,000 from a Citibank account. Giragosian observed defendant to be very cooperative and easygoing. He accepted every option offered and signed all the agreements immediately, as if he wanted to finish with the purchase as soon as possible.

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

When defendant exited Giragosian's office, Lucas informed him that he needed to follow defendant to his bank to get copies of bank statements and a certified check for the $5,000 down payment. Defendant agreed, and Lucas affixed the registration papers to the windshield of the Hyundai. Defendant got into the Hyundai. As Lucas got into another car to follow him, defendant exited the driveway rapidly and drove away at a fast rate of speed. Lucas was unable to keep up. He drove to the nearest two Citibank locations to see if defendant had gone straight there to get the necessary bank documents.

Lucas did not find defendant. He went back to the dealership and informed his manager, Lawrence, that he was unable to get a certified check and bank statements from defendant because he "took off." Lucas tried calling the phone number that defendant listed on his credit application, but another person answered and said he was using defendant's cell phone. Lucas asked the person to have defendant call the dealership right away, and said it was "important." Defendant never called.

Lawrence thereafter instructed the dealership's business manager to deposit the personal check that defendant provided in connection with the transaction. The check was returned from the bank as being drawn on a closed account. Defendant did not make any monthly payments on the car.

Anthony Diruscio, a senior investigator for Citibank, was asked by the Los Angeles Police Department to investigate the status of defendant's checking account at the time he wrote the personal check to the dealership in November 2012. Diruscio determined that the account was closed in August 2012. The amount of money deposited into the account before it was closed was $25.

William Wilson, owner of Pacific National Attorney Services, was engaged by the dealership in November 2012 to recover the Hyundai Sonata. Wilson learned that defendant was living in the car and that he frequented a local Starbucks. In January 2013, Wilson was staking out the Starbucks when he saw the Hyundai parked outside. He then observed defendant walking toward the car. When defendant saw Wilson, he turned around and walked the other direction. Defendant looked around to see if Wilson was following him, and when he saw that Wilson was not, he walked back toward the car.

3

When Wilson then approached defendant, defendant ran across the street through moving traffic.  Eventually, Wilson caught up with defendant and told him they needed to talk.  Wilson told defendant that he should go with Wilson to the dealership so they could resolve the situation involving defendant's bad check.  After talking with defendant for a while, Wilson felt he had convinced defendant to drive the Hyundai to the dealership.  But in case defendant tried to flee, Wilson attached a magnetic tracking device to the Hyundai.

Wilson got into his car to follow defendant to the dealership.  Defendant quickly drove away, almost causing an accident.  Wilson was unable to follow defendant, but was able to track him using the device.  After locating and observing the Hyundai for a time, Wilson spoke to defendant again and convinced him to drive to the dealership to deal with payment issues.  This time, defendant actually went to the dealership.  He was arrested soon after he arrived.

Los Angeles Police Department Detective Kara Clifford later spoke with defendant at the Van Nuys jail.  Defendant admitted to her that he wrote a personal check for $5,000 to the dealership.  He said that he believed he had two to three thousand dollars in the account when he wrote the check.  Defendant had been out of work for about seven years, was living in the car, and did not have money to pay for it.  He said that he was expecting family in Iran to send him $10,000.

At trial in this matter, Wolfgang Nopper, finance manager at Keyes Toyota in Van Nuys, testified that defendant came to the Toyota dealership in April 2012 to purchase a used Toyota Camry.  Defendant was asked to provide documentation such as bank statements but did not do so.  He did provide two checks totaling $5,000.  Nopper tried to deposit one of the checks, but it was returned due to a closed account.  Keyes Toyota tried to contact defendant but could not reach him.  Eventually, the Toyota in the possession of defendant was recovered and returned to the Toyota dealership.

Defendant testified on his own behalf.  He stated that he had attempted to buy cars at other dealerships but was unable to do so because of poor credit.  He needed a car for his job.  All the information he gave to Keyes Hyundai was true.  At the time of the

Hyundai purchase, he had five different Citibank accounts. He did not know that the account from which he wrote the check was closed. He knew that there were insufficient funds, but he thought that before the time the check was deposited, he could transfer and deposit money into the account. He intended to make the payments on the car.

## DISCUSSION

### I. Other crimes evidence

Defendant argues that the trial court erred by allowing the prosecution to introduce other crimes evidence pursuant to Evidence Code section 1101, subdivision (b). He contends that the testimony relating to his experience with Keyes Toyota in April 2012 should not have been admitted.

Defendant's attorney objected to introduction of the evidence at trial. The prosecution argued that the evidence was admissible to show motive. The trial court admitted the evidence for the limited purpose of showing intent, and instructed the jury accordingly.

Evidence Code section 1101, subdivision (b), permits the admission of evidence that a person committed a crime or other act "when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident . . .) other than his or her disposition to commit such an act." Such evidence may not be introduced for the purpose of proving that a person has bad character or a propensity to commit a criminal act. (*People v. Whisenhunt* (2008) 44 Cal.4th 174, 203.) We review the trial court's decision allowing evidence of other crimes for an abuse of discretion. (*Ibid.*)

"To be admissible to show intent, 'the prior conduct and the charged offense need only be sufficiently similar to support the inference that defendant probably harbored the same intent in each instance.'" (*People v. Cole* (2004) 33 Cal.4th 1158, 1194.) In this case, defendant's prior conduct was remarkably similar to the charged offense. In both instances, defendant sought to unlawfully obtain a car by presenting checks written on closed accounts. Neither dealership was able to contact defendant based on the information he provided, and both had to resort to repossession to recover the cars.

5

Defendant's ploy of providing a deficient personal check in the first instance was sufficiently similar to the charged offense to support the inference that he intended to unlawfully deprive the Hyundai dealership of the vehicle and knew that the account upon which the check was drawn had insufficient funds.

Defendant's reliance on *People v. Thompson* (1980) 27 Cal.3d 303 is misplaced. The Supreme Court in that case found that evidence of a prior robbery committed by the defendant was not sufficiently similar to the charged offense, in which the defendant rejected proffered valuables before shooting a couple. (*Id.* at pp. 320-321.) In this matter, there was hardly any substantive difference between defendant's actions in the prior incident and in the charged offense. Thus, evidence relating to the prior incident was properly admitted to prove defendant's intent.

Furthermore, introduction of the evidence was not unduly prejudicial under Evidence Code section 352. Evidence Code section 352 provides that a court may exclude evidence "if its probative value is substantially outweighed by the probability that its admission will . . . (b) create substantial danger of undue prejudice . . . ." Evidence that would otherwise be admissible under Evidence Code section 1101, subdivision (b), may be excluded pursuant to Evidence Code section 352. (*People v. Thompson* (1988) 45 Cal.3d 86, 109.) The evidence regarding defendant's experience at Keyes Toyota was highly probative to the issue of intent, and the evidence was presented in a nonprejudicial manner, with the pertinent testimony occupying only a short portion of the trial. There is no reason to conclude that the jury based its verdict primarily on evidence of the other incident, when there was ample evidence directly relating to the charged offenses to support the verdict.

## II. Unlawful taking of a vehicle

Defendant argues that his conviction in count 4 for unlawful taking of a vehicle must be reversed because it is necessarily included within the conviction in count 1 for grand theft auto.

As the People concede, unlawfully taking a vehicle is a lesser included offense of grand theft auto. (*People v. Buss* (1980) 102 Cal.App.3d 781, 784.) A defendant may

not be convicted of both an offense and a lesser included offense. (*People v. Ortega* (1998) 19 Cal.4th 686, 692.)

The record shows that the convictions for grand theft and taking of an automobile were based on the same act—the theft of the Hyundai in November 2012. Accordingly, we order the conviction for the lesser offense, violation of Vehicle Code section 10851, subdivision (a), reversed. Since the sentence in count 4 was stayed, there is no need for remand.

## DISPOSITION

The judgment in count 4 is reversed. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


FERNS, J.*

_____

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.