Filed 11/6/15  P. v. Carver CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT KENNETH CARVER,<br><br>        Defendant and Appellant. | C078239<br><br>(Super. Ct. No. 62131666) |

        This appeal raises one issue:  whether defendant Robert Kenneth Carver was entitled to have his felony conviction for unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)) reduced to a misdemeanor pursuant to Proposition 47.  We conclude the answer is "no" because defendant failed to present evidence from *the record of conviction* that the value of the personal property taken did not exceed $950.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2014, defendant went inside an unlocked 1995 Chevrolet pickup truck that belonged to someone else, realized he could start the truck and did, and then drove off in it. The next day, he ingested half of a hydrocodone pill that he found in the truck and drank some alcohol, and then he drove around Placer County in the truck. While driving the truck through an intersection, defendant collided head-on with another vehicle. Defendant fled on foot and was captured by police while hiding at a senior center, smelling of alcohol, and acting inebriated. Just before the crash, police had received calls about the truck swerving all over the roadway.

In July 2014, defendant pled no contest to felony unlawfully driving or taking a vehicle, misdemeanor driving under the combined influence of alcohol and drugs, misdemeanor hit-and-run driving, and misdemeanor resisting, obstructing, or delaying a police officer. The court later allowed defendant to withdraw his plea to the last two offenses (hit-and-run driving and resisting a police officer) and dismissed those counts with a *Harvey* waiver.[1]

In September 2014, the court sentenced defendant to a split term of 18 months in prison and 18 months of supervised release for the unlawful taking or driving count and a concurrent term for the driving under the influence count.

In December 2014, defendant filed a petition for resentencing under Proposition 47, claiming his offense of unlawfully driving or taking a vehicle was reclassified as a misdemeanor under the proposition. The court held a hearing on the petition. Defense counsel argued that the "Blue Book value [of the truck defendant took] . . . as of November 2014, was $754, depending on the condition of it, to a certain range of maybe

---

[1]     A *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754) "is a 'contrary agreement' permitting the sentencing judge to consider the facts relating to dismissed charges." (*People v. Barasa* (2002) 103 Cal.App.4th 287, 291, fn. 3.)

up to $932." The court denied the petition because Vehicle Code section 10851 was not an offense enumerated in Proposition 47 that qualified for resentencing.

DISCUSSION

The passage of Proposition 47 created Penal Code section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory framework as amended by the passage of Proposition 47. (Pen. Code, § 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)

Included in the crimes reduced to misdemeanors by Proposition 47, rendering the person convicted of the crime eligible for resentencing, is petty theft, defined as theft of property where value of the money, labor, real or personal property taken does not exceed $950 (Pen. Code, § 490.2). (Pen. Code, § 1170.18, subd. (a).) Unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)), the crime to which defendant pled no contest, does not appear on the list of felonies reduced to misdemeanors by Proposition 47. (Pen. Code, § 1170.18, subd. (a).)[2] Nevertheless, defendant argues that he is entitled to resentencing for two reasons: (1) unlawful taking or driving of a vehicle

---

[2]  The full list of enumerated offenses reads as follows: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (Pen. Code, § 1170.18, subd. (a).)

3

is a necessarily included offense of grand theft of an automobile; and (2) in any event, denying him resentencing would violate his right to equal protection under the law.

To defendant's first point, it is true that *before* Proposition 47, unlawful taking or driving of a vehicle was a necessarily included offense of automobile theft. (*People v. Buss* (1980) 102 Cal.App.3d 781, 784.) That was so because the Penal Code classified the theft of an automobile as grand theft, no matter how much the stolen automobile was worth. (See Pen. Code, § 487, subd. (d)(1).) Under that law, a person guilty of the crime of automobile theft was necessarily also guilty of unlawfully taking the automobile, because the former crime could not be committed without also committing the latter. (See *People v. West* (1970) 3 Cal.3d 595, 612 [stating the test of a necessarily included offense].)

Proposition 47, however, *eliminated* automobile theft as a separate crime, instead reclassifying *all* thefts into two crimes: (1) the theft of property valued over $950, which is grand theft, regardless of the nature of the property taken; and (2) the theft of property valued at $950 or less, which is petty theft, regardless of the nature of the property taken. (Pen. Code, §490.2.) Thus, after Proposition 47, unlawful taking or driving of an automobile is no longer a necessarily included offense of automobile theft because the crime of automobile theft no longer exists. Moreover, unlawful taking or driving of an automobile is not a necessarily included offense of either grand theft or petty theft because the latter crimes need not involve an automobile, and therefore it is possible to commit the latter crimes without committing the former. Accordingly, defendant's first point is without merit. This, however, does not end our discussion, as defendant raises the claim of a violation of equal protection of the law, to which we turn next.

Defendant's second point is that denying him resentencing would violate equal protection of the law because the "loss suffered by the victim was less than $950." Thus, he argues that there was no rational reason why he should be subject to a felony sentence just because he was convicted of unlawfully taking or driving a vehicle in violation of

4

Vehicle Code section 10851, when a person who was convicted of stealing a car worth $950 or less in violation of Penal Code section 487, subdivision (d) would be subject to a misdemeanor sentence. The problem with defendant's argument is that he has not shown evidence in *the record of conviction* about the "value of the money, labor, real or personal property taken." (Pen. Code, § 490.2.)

Proposition 47 provides that "[u]pon receiving a petition under subdivision (a) [i.e., defendant's petition for recall of sentence], the court shall determine whether the petitioner satisfies the criteria in subdivision (a)." (Pen. Code, § 1170.18, subd. (b).) The criteria in subdivision (a) are whether a defendant is "currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense . . . ." The question of whether a defendant satisfies the criteria in subdivision (a) is limited to the record of conviction. (See *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1338 [as to Prop. 36 (the Three Strikes Reform Act of 2012) & Pen. Code, § 1170.126, court must determine "petitioner's eligibility for resentencing based on the record of conviction"].) In *Bradford*, this court construed almost identical language in the Three Strikes Reform Act of 2012, which provides that " '[u]pon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e).' ([Pen. Code,] § 1170.126, subd. (f))." (*Bradford*, at p. 1337.) This court "conclude[d] that the trial court must determine the facts needed to adjudicate eligibility based on evidence obtained solely from the record of conviction." (*Bradford*, at p. 1327.)

Here, the record of conviction shows only that defendant unlawfully took and drove "a 1995 Chevy Pickup." At a hearing on the petition, defense counsel argued that the "Blue Book value . . . as of November 2014, was $754, depending on the condition of it, to a certain range of maybe up to $932." But defendant presented no evidence from the record of conviction of the "value of the money, labor, real or personal property

5

taken." (Pen. Code, § 490.2.) Thus, he has failed to establish he was a person who satisfied the eligibility criteria for Proposition 47 resentencing and therefore has shown no error in the denial of his petition to recall his sentence.

## DISPOSITION

The judgment is affirmed.

/s/_____
Robie, J.

We concur:

/s/_____
Blease, Acting P. J.

/s/_____
Nicholson, J.

6