Filed 4/8/16  P. v. Maldonado CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ADRIAN ABRAHAM MALDONADO,<br><br>        Defendant and Appellant. | E062616<br><br>(Super.Ct.No. FVI1401562)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Sharon L. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant Adrian Abraham Maldonado appeals from the denial of his petition for resentencing under Penal Code section 1170.18. He argues that (1) because a violation of Vehicle Code section 10851 is a lesser included offense of grand theft, it falls within the ambit of Penal Code section 490.2 thefts that are subject to resentencing under Proposition 47; (2) the trial court should provide an opportunity for parties to introduce evidence before ruling on a petition to recall a sentence for theft; (3) the prosecution has the burden of proof to establish that the value of the stolen property exceeded $950; and (4) the value of the loss for a temporary taking should be the amount that would make the victim whole, not the market value of the automobile. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Defendant was charged in a felony complaint with unlawful driving or taking a 1990 Honda Accord on April 29, 2014. (Veh. Code, § 10851, subd. (a).) On May 8, 2014, defendant plead guilty to attempted vehicle theft (Pen. Code, § 664; Veh. Code, § 10851, subd. (a)), and admitted a prior strike conviction (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)). The parties stipulated that the police reports contained a factual basis for the plea. He was sentenced to a two-year prison term, and additional allegations were stricken.

In November 2014, defendant filed a petition to recall his felony sentence and requested the trial court reduce his felony conviction to a misdemeanor. He waived his personal appearance at the hearing on the petition.

On December 5, 2014, the trial court ruled on defendant's petition as one of 140 petitions requesting Proposition 47 relief. The trial court conducted unrecorded informal discussions with representatives from the offices of the district attorney, public defender, and alternate public defender. The trial court denied defendant's petition, explaining: "The reasons for denial [are] that the charge that is evidenced in the record of conviction does not come within the statutory scheme of [Proposition 47], or the dollar amounts based upon the Court's review and/or input from counsel for both the prosecution and the defense indicates the value is over $950, and hence, they would be statutorily ineligible." (Bolding omitted.)

## DISCUSSION

### Vehicle Code Section 10851

Defendant argues that because a violation of Vehicle Code section 10851 is a lesser included offense of grand theft, it falls within the ambit of Penal Code section 490.2 thefts that are subject to resentencing under Proposition 47.

*Standard of Review*

Questions concerning the interpretation and construction of statutes raise issues of law subject to de novo review on appeal. (*People v. Love* (2005) 132 Cal.App.4th 276, 284.) In interpreting a voter initiative, we apply the same principles that govern the construction of a statue. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276.) Thus, if the language of the statute is clear and unambiguous, construction is unnecessary. (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.) Only if the language of the statute is ambiguous do we consider extrinsic evidence to determine the voters' intent. (*Silicon Valley*

3

*Taxpayers' Assn., Inc. v. Santa Clara County Open Space Authority* (2008) 44 Cal.4th 431, 444-445.)

*Analysis*

On November 4, 2014, the voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, Penal Code section 1170.18.  Penal Code section 1170.18 creates a process through which persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing.

Penal Code section 1170.18, subdivision (a), provides:  "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] that added this section . . . had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]."

Although Vehicle Code section 10851 is not one of the offenses expressly specified in Penal Code section 1170.18, subdivision (a), defendant contends it should be interpreted as coming under Penal Code section 490.2, subdivision (a), which provides:

4

"Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions" for specified offenses not relevant in this case.

Penal Code section 490.2 refers to Penal Code section 487 and "any other provision of law defining grand theft." Vehicle Code section 10851, subdivision (a), provides: "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty . . . ."

Courts have held that unlawful driving or taking a vehicle in violation of Vehicle Code section 10851 is a lesser included offense of grand theft auto under Penal Code section 487, former subdivision 3. (*People v. Buss* (1980) 102 Cal.App.3d 781, 784.) It is true that Vehicle Code section 10851 includes both a theft and a nontheft form of the offense. (See *People v. Garza* (2005) 35 Cal.4th 866, 876 ["A person can violate section 10851(a) 'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding)'"].) However, defendant's plea was to attempted auto theft; in other words, defendant pleaded to the theft form of Vehicle Code section 10851. Because the record of conviction shows that

5

defendant's offense was theft related, we thus conclude the offense was eligible for resentencing under section 490.2 provided that the value of the vehicle was less than $950.[1]

**Defendant Bore the Burden of Establishing the Value of the Automobile**

Defendant contends the prosecution has the burden of proof to establish that the value of the stolen property exceeded $950.

In *People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*), the court observed that "Proposition 47 does not explicitly allocate a burden of proof." (*Id.* at p. 878.) The court stated that "applying established principles of statutory construction we believe a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing. In such cases, it is important to keep in mind a person . . . was validly convicted under the law applicable at the time of the trial of the felony offenses. It is a rational allocation of burdens if the petitioner in such cases bears the burden of showing that he or she is eligible for resentencing of what was an otherwise valid sentence." (*Ibid.*) We believe the court in *Sherow* reached the correct result on the issue, and we adopt the analysis and conclusion of that court.

In *Sherow*, the court explained that it was entirely appropriate, fair, and reasonable to allocate the initial burden of proof to the petitioner to establish the facts upon which eligibility is based because the defendant knows what items he possessed. (*Sherow*,

---

[1] The issue of whether Vehicle Code section 10851 offenses are eligible for resentencing under Proposition 47 is currently before the California Supreme Court. (See *People v. Page* (2015) 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793.)

6

*supra*, 239 Cal.App.4th at p. 880.)  Here, defendant knows what item he possessed.  Thus, "A proper petition could certainly contain at least [defendant's] testimony about the nature of the items taken.  If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination.  [Citation.]"  (*Ibid.*)

Here, defendant's petition gave the trial court no information on the value of the property.  He has thus failed to show his eligibility for resentencing.  The proper remedy is to permit defendant to file a new petition that seeks resentencing on the Vehicle Code section 10851 offense.  (See *People v. Perkins* (2016) 244 Cal.App.4th 129, 140 ["In any new petition, defendant should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing . . ." that the vehicle's value does not exceed $950].)

**The Value of the Automobile, Not the Amount to Make the Victim Whole, Is the Proper Measure**

Defendant contends the value of the loss for a temporary taking should be the amount that would make the victim whole, not the market value of the automobile.  We disagree.

Fair market value is the measure of the value of stolen property under theft statutes.  (*People v. Swanson* (1983) 142 Cal.App.3d 104, 107-108.)  The return of the property does not change the amount taken.  (*People v. Ramirez* (1980) 109 Cal.App.3d 529, 539; Pen. Code, § 12022.6.)  Thus, to demonstrate his eligibility for resentencing, defendant has the burden of establishing the value of the vehicle at the time it was taken.

7

DISPOSITION

The order denying defendant's petition for resentencing is affirmed without prejudice to subsequent consideration of a properly filed petition. (*Sherow*, *supra*, 239 Cal.App.4th at p. 881.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER          
J.

I concur:


RAMIREZ         
     P. J.

HOLLENHORST, J., Concurring and Dissenting:

I concur with the majority's conclusion that defendant Adrian Abraham Maldonado's petition for resentencing under Penal Code section 1170.18 was properly denied. I do not agree, however, with the majority's discussion of the scope of Penal Code section 490.2. In my view, Vehicle Code section 10851 offenses are not eligible for resentencing under Proposition 47, no matter whether or not the conviction was for the "theft form" of the offense, as the majority puts it. I therefore dissent from the majority's discussion of whether defendant's conviction offense is eligible for resentencing, a discussion which is in any case unnecessary for the disposition of the present appeal.

In my view, Penal Code section 490.2 does no more than amend the definition of grand theft, as articulated in Penal Code section 487 or any other provision of law, redefining a limited subset of offenses that would formerly have been grand theft to be petty theft. As the majority notes, Vehicle Code section 10851 may be violated either by taking a vehicle with intent to steal it, or by driving it with the intent only to temporarily deprive the owner of its possession. (*People v. Garza* (2005) 35 Cal.4th 866, 876.) Depending on circumstances, therefore, a violation of Vehicle Code section 10851 may or may not be treated as a "theft conviction," for certain purposes. (*People v. Garza*, at p. 871.) Nevertheless, Vehicle Code section 10851 does not itself proscribe theft of either

1

the grand or petty variety, but rather the action of taking or driving a vehicle "with or without intent to steal." (Veh. Code, § 10851, subd. (a).) Penal Code section 490.2 is therefore simply inapplicable to defendant's conviction offense.

To hold otherwise would create the anomaly that a defendant convicted of violating Vehicle Code section 10851 on a theft theory may be eligible for resentencing under Proposition 47, while a defendant who took a car for a joyride—on its face, a crime of lesser criminal intent—has no such possibility for relief. Such a result is at least counterintuitive, and should raise concerns that the statutory interpretation that leads to that result does not comport with legislative intent. Furthermore, since section 10851 does not require proof of intent to steal, the record of conviction of many defendants may not address what theory underlies their offense. Must such a defendant, on a petition for resentencing pursuant to Proposition 47, submit evidence showing that he or she in fact intended to steal the vehicle, while the People opposing such a petition must attempt to show lack of intent to steal? The majority makes no attempt to grapple with this anomaly, or its unintended consequences.

This court previously took the position that convictions for violation of Vehicle Code section 10851 do not fall under the resentencing provisions of Proposition 47, in an opinion that I authored, and that is now on review before the California Supreme Court. (See *People v. Page* (2015) 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793.) I recognize that the Courts of Appeal

2

have since divided on the issue.  (See, e.g., *People v. Ortiz* (2016) 243 Cal.App.4th 854, review granted Mar. 16, 2016, S232344 [holding that a violation of Veh. Code § 10851 may qualify for resentencing under certain circumstances].)  I continue to adhere to my previous views on the matter, recognizing that reasonable minds may differ.

In any case, however, the present panel need not weigh in on the question. As the majority discusses, defendant bore the burden of establishing the value of the property at issue, and he failed to meet that burden.  I would therefore resolve this appeal on that issue alone, and leave discussion of the scope of Proposition 47 with respect to Vehicle Code section 10851 offenses for another day.


HOLLENHORST          
J.

3