Filed 6/7/16  P. v. White CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JERRY DARNELL WHITE,<br><br>    Defendant and Appellant. | H042019<br>(Santa Clara County<br> Super. Ct. No. B1470948) |

Defendant Jerry Darnell White appeals from the denial of his petition for resentencing under Proposition 47.  Defendant contends Penal Code section 490.2 (Section 490.2) makes him eligible for resentencing on his conviction for attempted theft of a car under Vehicle Code section 10851 (Section 10851).[1]  The trial court denied the petition on the ground that the value of the vehicle defendant attempted to steal was greater than $950.

We conclude a defendant convicted under Section 10851 may be eligible for Proposition 47 resentencing if he or she can show the offense qualifies as a petty theft under Section 490.2.  Here, however, the trial court found defendant attempted to steal a vehicle valued at $18,000, well above the $950 limit for eligibility under Proposition 47.

---

[1] This issue is currently before the California Supreme Court.  (*People v. Page* (2015), formerly at 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793.)

The trial court's finding is supported by the record. Accordingly, we will affirm the denial of defendant's petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A. *Facts of the Offense*[2]

On February 1, 2014, around 1:37 a.m., a security guard at a Toyota dealership in Sunnyvale spotted defendant and two other persons on a security camera. The three persons entered the dealership's car lot where defendant approached a 2009 Ford F150. Using a screwdriver, defendant pried open a lockbox attached to the rear driver's side window of the vehicle. He subsequently attempted to break into a lockbox attached to a Toyota Tundra.

The security guard called the police, who arrived and arrested defendant. Police searched him and found a plastic card which appeared to have been taken from the lockbox on the Ford F150. Police also found a screwdriver and the keys to the vehicle on the ground of the lot. The police report listed the value of the Ford F150 and the Toyota Tundra at $18,000 each.

B. *Procedural Background*

In February 2014, the prosecution charged defendant by felony complaint with one count of attempting to drive and take a vehicle—a 2009 Ford F150—with a prior conviction (Pen. Code, §§ 664, 666.5; Veh. Code, § 10851, subd. (a)). The complaint further alleged defendant had been convicted of numerous prior felonies, including four prior vehicle thefts, for which he had served a prison term. (Pen Code, § 667.5, subd. (b).)

In March 2014, defendant pleaded no contest to one count of attempted vehicle theft as charged. He admitted all allegations. In June 2014, the trial court imposed a total

---

[2] The statement of facts is based on the facts set forth in police reports attached to the probation report.

term of five years, equal to the mitigated term of two years for the attempted theft and three consecutive one-year terms for the prior prison terms.

In December 2014, defendant petitioned for resentencing under Proposition 47. (Pen. Code, § 1170.18.) In a written order, the trial court denied the petition on the ground that the value of the vehicle was $18,000, exceeding the $950 limit for resentencing eligibility under Penal Code section 1170.18.

## II. DISCUSSION

Defendant contends the trial court erred by denying his petition because he is eligible for resentencing under Section 490.2, which defines petty theft and makes it a misdemeanor. The Attorney General contends the trial court properly denied the petition because Proposition 47 does not apply to a violation of Section 10851. She further argues that the value of the vehicle exceeded the $950 limit.

We agree with defendant that a conviction under Section 10851 may be eligible for resentencing under Section 490.2, provided the offense satisfies the elements of petty theft as defined by that section. But we conclude the record here does not support a showing that the theft was a petty theft.

A. *Background*

In November 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (the Act), which reduced certain drug- and theft-related offenses to misdemeanors. As relevant here, the Act added Section 490.2, which defined certain petty thefts as misdemeanors. Proposition 47 also created a new resentencing scheme for persons serving felony sentences for offenses which were made misdemeanors by the Act. (Pen. Code, § 1170.18, subd. (a).) A person currently serving a sentence for a felony conviction may petition for recall if the person would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense. Such a person may request resentencing in accordance with Section 490.2, among other sections.

3

Here, the issue of defendant's eligibility for resentencing is a question of statutory construction. "Statutory construction is a question of law which we decide independently. [Citation.] Our role in construing any statute is to ascertain the Legislature's intent and effectuate the purpose of the law. Generally, we accomplish this task by giving the statutory words their usual, ordinary meanings. [Citation.] ' "If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on [its] face . . . or from its legislative history." ' [Citation.]" (*People v. Love* (2005) 132 Cal.App.4th 276, 284.)

To determine defendant's eligibility for resentencing, we must determine whether defendant would have been guilty of a misdemeanor if Proposition 47 had been in effect in November 2012 when defendant committed his offense. This analysis assumes Section 490.2 was also in effect at that time. Section 490.2 provides, in part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (Pen. Code, § 490.2, subd. (a).) Nothing in the plain language of the statute—which covers "*any property* by theft"— excludes the theft of a vehicle. Thus, if defendant stole a vehicle with a value of $950 or less, that offense would have been a misdemeanor under Section 490.2.

B. *Eligibility for Resentencing under Section 490.2*

The Attorney General contends Proposition 47 had no effect on Section 10851. While Proposition 47 did not list Section 10851 by name or number, the plain language of Section 490.2 unambiguously includes conduct prohibited under Section 10851. Section 10851 punishes "[a]ny person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle . . . ." (Veh Code, § 10851, subd. (a).)

4

Nothing in this statute addresses the value of vehicles that are taken or driven; thus, Section 10851 includes the taking of a vehicle worth $950 or less by a person who intends to permanently deprive the owner of his or her title to or possession of the vehicle. But, "[n]otwithstanding . . . any other . . . law defining grand theft," Section 490.2 now punishes the theft of a vehicle worth $950 or less as a misdemeanor.

The taking of any property may be a theft if the offender takes the property with the intent to permanently deprive the owner of possession, or "for so extended a period as to deprive the owner of a major portion of its value or enjoyment." (*People v. Avery* (2002) 27 Cal.4th 49, 55.) Section 10851 prohibits the driving or taking of a vehicle "with intent either to permanently or temporarily deprive the owner" of possession. (Veh. Code, § 10851.) Thus, Section 10851 covers both theft and non-theft conduct. As the California Supreme has held, "[Section 10851] defines the crime of unlawful driving *or* taking of a vehicle. Unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession is a form of theft, and the taking may be accomplished by driving the vehicle away. For this reason, a defendant convicted under section 10851(a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession has suffered a theft conviction . . . ." (*People v. Garza* (2005) 35 Cal.4th 866, 871, original italics.) We thus conclude that if a person convicted of violating Section 10851 took a vehicle worth $950 or less with the intent to permanently deprive the owner of its possession, such conduct is now petty theft, and the prior conviction is eligible for resentencing as a misdemeanor under Proposition 47.

C. *Defendant Failed to Establish Eligibility for Relief Under Proposition 47*

Defendant bore the burden to make the initial showing of eligibility under Proposition 47. (*People v. Sherow* (2015) 239 Cal.App.4th 875.) In his petition to the trial court, defendant presented no facts or evidence apart from those already in the record of conviction. The trial court found that the value of the vehicle was $18,000,

5

apparently based on the value stated in the police report.  On this basis, the court found defendant ineligible for resentencing.

The trial court's finding is supported by substantial evidence as set forth in the police report.  Furthermore, we find no evidence in the record that defendant intended to *permanently* deprive the owner of possession of the vehicle.  Accordingly, we conclude the offense did not constitute petty theft under Section 490.2, and defendant is ineligible for resentencing under Proposition 47.

D.  *The Statutory Scheme Does Not Violate Equal Protection*

Defendant argues that the application of Section 10851 to deny his eligibility for resentencing violates his right to equal protection.  He contends the law treats the petty theft of a vehicle disparately depending on whether the defendant is charged as a felon under Section 10851 or a misdemeanant under Section 490.2.  He argues that this disparity in the law must be analyzed under a strict scrutiny standard.  For this proposition, he relies on *People v. Olivas* (1976) 17 Cal.3d 236 (*Olivas*) [applying strict scrutiny to the length of the commitment of a minor as compared with the incarceration of adult offenders], and *People v. McKee* (2010) 47 Cal.4th 1172 [classes of individuals subject to civil commitment are subject to strict scrutiny].

In the years since *Olivas* was decided, our Supreme Court has applied its holding narrowly.  In *People v. Wilkinson* (2004) 33 Cal.4th 821, the court observed that "[t]he language in *Olivas* could be interpreted to require application of the strict scrutiny standard whenever one challenges upon equal protection grounds a penal statute or statutes that authorize different sentences for comparable crimes, because such statutes always implicate the right to 'personal liberty' of the affected individuals.  Nevertheless, *Olivas* properly has not been read so broadly." (*Id*. at p. 837.)  The court concluded: " 'We do not read *Olivas* as requiring the courts to subject all criminal classifications to strict scrutiny requiring the showing of a compelling state interest therefor.' " (*Id.* at p. 838, quoting *People v. Davis* (1979) 92 Cal.App.3d 250, 258.)  The court held that the

rational basis standard applies to sentencing disparities of the type alleged here. (*Ibid.*) (See also *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881 [where a disputed statutory disparity implicates no suspect class or fundamental right, equal protection is violated only where there is no rational relationship between the disparity of treatment and some legitimate governmental purpose].) Accordingly, we will apply the rational basis standard.

The challenged statutes differentiate between vehicles valued at $950 or less and those of greater value. The state has an obvious interest in more harshly punishing crimes involving greater monetary value. Second, the statutes differentiate between (1) the theft of a vehicle and (2) the temporary taking of a vehicle without the intent to permanently deprive the owner of possession. While the latter conduct may appear less culpable at first glance, offenders frequently take temporary possession of a vehicle for more nefarious purposes, e.g. to use it in the commission of other, more serious crimes without being identified. Furthermore, the crime of "joyriding" often entails causing damage to the vehicle, since a temporary possessor has no interest in maintaining the operation or condition of the vehicle beyond the limited period of possession. Thus, a victim may discover his or her vehicle in a heavily damaged state after the offender's joyride is over and the vehicle is abandoned. We thus conclude the law has a rational basis for punishing the temporary taking of a vehicle more harshly than the theft of a vehicle.

E. *Defendant Has No Right to a Jury Trial on His Eligibility for Resentencing*

Defendant argues that the trial court violated his Sixth Amendment rights under *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) by making a factual finding—that the vehicle was valued at $18,000—without a jury trial. He contends the facts showing him ineligible for resentencing must be pleaded and proved to a jury beyond a reasonable doubt. We disagree.

7

In *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279 (*Kaulick*), the Second District Court of Appeal considered the standard of proof applicable to a finding of dangerousness in adjudicating a petition for resentencing under Proposition 36. Kaulick argued that under the federal constitution the prosecution bore the burden of proving his dangerousness beyond a reasonable doubt. Based on *Dillon v. United States* (2010) 560 U.S. 817 (*Dillon*), the *Kaulick* court rejected that argument. As the *Kaulick* court observed, the United States Supreme Court held in *Dillon* that "a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt do[es] not apply to limits on downward sentence modifications due to intervening laws." (*Kaulick, supra,* 215 Cal.App.4th at p. 1304.) The court concluded that "[a]ny facts found at such a [section 1170.126] proceeding, such as dangerousness, do not implicate Sixth Amendment issues." (*Id.* at p. 1305.)

The First District Court of Appeal recently applied the same reasoning to a trial court's finding of property value in the context of a resentencing petition under Proposition 47. (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 452 (*Rivas-Colon*).) Based on *Kaulick* and *Dillon*, the court in *Rivas-Colon* concluded the petitioner had no right a jury trial on the issue. We find the First District's reasoning persuasive, and we reach the same conclusion here.

F. *The Trial Court's Reliance on Facts Outside the Record of Conviction*

Defendant argues that the court, in finding the value of the vehicle to be $18,000, looked to facts outside the record of conviction. He contends that a trial court's finding of facts pertaining to eligibility is limited to the record of conviction, which does not include police reports. For this proposition, defendant relies on *People v. Bradford* (2014) 227 Cal.App.4th 1322 (*Bradford*).

In *Bradford*, the Third District Court of Appeal considered a trial court's fact-finding process in adjudicating a Proposition 36 petition. The trial court found defendant had used a deadly weapon in the commission of the underlying offense, making him

8

ineligible for resentencing under Penal Code 1170.12, subdivision (c)(2)(C)(iii). As a basis for this finding, the trial court looked to the facts set forth in the court of appeal's prior opinion on direct appeal, which stated that the defendant had used a pair of wire cutters during the offense. In defendant's appeal from the denial of his resentencing petition, the court of appeal held that the trial court erred by looking to the facts in the original opinion on appeal. The appellate court compared the fact-finding required for determining eligibility to the type of finding required to determine whether a prior conviction meets the requirements for a sentencing enhancement. (See, e.g., *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*) [trier of fact may look to entire record of conviction to determine whether prior conviction constitutes a "serious felony"].) Based on *Guerrero* and its progeny, the *Bradford* court held that "the trial court must determine the facts needed to adjudicate eligibility based on evidence obtained solely from the record of conviction." (*Bradford*, *supra,* 227 Cal.App.4th at p. 1327.) While courts disagree on the precise scope of the documents included in a "record of conviction," courts generally agree that police reports are excluded. (*Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1521.)

In *People v. Perkins* (2016) 244 Cal.App.4th 129 (*Perkins*), the Fourth District Court of Appeal considered *Bradford*'s holding in the context of a Proposition 47 petition. There, the trial court found the defendant ineligible for resentencing on the ground that the value of the stolen property exceeded $950. On appeal, the defendant cited *Bradford* for the proposition that the trial court improperly relied on evidence outside the record of conviction. The court of appeal rejected this argument. The court distinguished *Bradford* based on the difference between the required eligibility finding under Proposition 36 and the required factual finding under Proposition 47: "[E]ligibility for resentencing under [Propositon 36] turns on the nature of the petitioner's convictions—whether an offender is serving a sentence on a conviction for nonserious, nonviolent offenses and whether he or she has prior disqualifying convictions for certain

9

other defined offenses. [Citation.] By contrast, under Proposition 47, eligibility often turns on the simple factual question of the value of the stolen property. In most such cases, the value of the property was not important at the time of conviction, so the record may not contain sufficient evidence to determine its value. For that reason, and because petitioner bears the burden on the issue [citation], we do not believe the *Bradford* court's reasons for limiting evidence to the record of conviction are applicable in Proposition 47 cases." (*Id.* at p. 140, fn. 5.)

We find the reasoning of *Perkins* persuasive. Furthermore, as the Attorney General points out, if the trial court had been limited to the record of conviction here, the court still would have denied defendant's petition because nothing in the record of conviction shows the value of the Ford F150 to be $950 or less. Thus, even assuming *Bradford*'s holding applies here, any error was harmless.

G. *The Trial Court Properly Looked to the Value of the Vehicle Defendant Attempted to Steal*

Defendant argues that the finding of the property value at issue should be based solely on the adjudicated amount of the loss actually suffered by the victim. He argues that the only loss suffered by the victim was the cost of replacing the two lock boxes, valued at $34.95 each. Defendant relies on *People v. Williams* (2013) 218 Cal.App.4th 1038. In that case, the court considered Penal Code section 12022.6, which sets forth a sentencing enhancement for a loss of property valued at more than $65,000. But that code section has no bearing on the adjudication of this Proposition 47 petition. Defendant cites no other legal authority in support of his argument. Accordingly, we find it without merit.

H. *Right to a Hearing*

Finally, defendant contends the trial court violated his statutory rights under Proposition 47 and his constitutional due process rights by failing to hold a hearing on the matter. Subdivision (h) of Penal Code section 1170.18 provides that "[u]nless requested

10

by the applicant, no hearing is necessary to grant or deny an application filed under subsection (f)." Defendant contends that he requested a hearing because his petition stated, "Please call me to the calendar as soon as possible." But subdivision (f) of Penal Code section 1170.18 applies only to "[a] person who has completed his or her sentence for a conviction." By contrast, defendant's petition was filed under subdivision (a) of Penal Code section 1170.18, which governs petitions filed by persons currently serving sentences. Accordingly, the language noted above from subdivision (h) did not apply to defendant. Defendant argues that he was subsequently released from custody prior to the court's adjudication, but he never amended his petition and he never requested a hearing under subdivision (h). Accordingly, we find this claim without merit. As for his claim that his constitutional due process rights were violated, defendant relies on *Apprendi*, *supra*. For the reasons discussed earlier in this opinion, *Apprendi* is inapplicable.

### III.    DISPOSITION

The order denying the petition for resentencing is affirmed.

11

_____
Márquez, J.

WE CONCUR:


_____
Rushing, P. J.



_____
Premo, J.