Filed 6/21/16  P. v. Oropeza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FELIPE OROPEZA JR.,<br><br>    Defendant and Appellant. | H042442<br>(Santa Clara County<br>Super. Ct. No. CC897730) |

Defendant Felipe Oropeza, Jr. appeals from the denial of his petition for resentencing under Proposition 47.  Defendant contends Penal Code section 490.2 (Section 490.2) makes him eligible for resentencing on his conviction for theft of a car under Vehicle Code section 10851 (Section 10851).[1]  The trial court denied the petition on the ground that a conviction under Section 10851 does not meet Proposition 47's eligibility criteria as a matter of law.

We conclude a defendant convicted under Section 10851 may be eligible for Proposition 47 resentencing if he or she can show the offense qualifies as a petty theft under Section 490.2.  Here, however, defendant failed to show he committed theft of a vehicle valued at $950 or less.  Furthermore, the record shows defendant did not intend to

---

[1] This issue is currently before the California Supreme Court.  (*People v. Page* (2015), formerly at 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793.)

permanently deprive the owner of possession of the vehicle.  Accordingly, we will affirm the denial of his petition.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

A. *Facts of the Offenses*

On March 1, 2008, around 1:45 p.m., Victoria Anderson reported the theft of her 2002 Ford Explorer.  Anderson had driven the vehicle to the bank to use the ATM.  While at the ATM, she left her keys inside the vehicle with the doors unlocked.  When she returned to the vehicle, she discovered it had been stolen.

On March 2, 2008, around 12:30 a.m., defendant entered the Spartan Market convenience store and bought a pack of gum.  When the clerk rang up the sale, defendant attempted to grab the cash drawer out of the register.  The clerk and another employee physically resisted, and defendant fled in the stolen 2002 Ford Explorer.

Around 2:00 a.m. that same day, defendant approached a car parked in front of a 7-Eleven store while the driver and two passengers were seated in the car.  Defendant got into the back seat of the car and demanded to be taken to his mother's house.  Defendant held a screwdriver against the back of the driver's neck.  The driver drove to a nightclub in downtown San José because he believed police would be there.  When they arrived at the nightclub, the driver stopped the car and the passengers fled to find a police officer.  After the driver exited the car, defendant got in the driver's seat and drove away.  Police soon spotted the vehicle, and a high speed chase ensued wherein defendant drove recklessly and violated numerous traffic laws.  Police eventually forced defendant to stop and took him into custody.

Defendant admitted taking the 2002 Ford Explorer.  He told police he intended to drive it to San Francisco to help his friend, "Sophia."  But the vehicle was low on gas, so he stopped at the Spartan Market intending to steal money for gas.  After he failed to grab cash from the register, he abandoned the Explorer.  At that point, he went to the 7-Eleven,

2

where he spotted a car parked in front.  Defendant claimed he asked the occupants of the car for a ride.

B. *Procedural Background*

In March 2008, the prosecution charged defendant by felony complaint with: Count One—Theft or unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a)); Count Two—Attempted robbery in the second degree (Pen. Code, §§ 211, 212.5, subd. (c)); Counts Three, Four, and Five—Carjacking (Pen. Code, § 215); and Counts Six, Seven, and Eight—Kidnapping during a carjacking (Pen. Code, § 209.5).  As to Counts Three through Eight, the complaint alleged defendant personally used a deadly and dangerous weapon—a screwdriver—in the commission of the offenses.  (Pen. Code, § 12022, subd. (b)(2).)

The parties reached a plea agreement in January 2009.  The prosecution agreed to reduce Counts Six through Eight to simple kidnapping, and defendant agreed to plead no contest to those and all remaining charges in exchange for a total sentence of 14 years.  Accordingly, defendant pleaded no contest to the conviction at issue here—Count One (theft or unauthorized use of vehicle)—as well as the remaining charges, and he admitted using a deadly or dangerous weapon in the commission of the offenses.

In March 2015, defendant petitioned for resentencing on Counts One and Two under Proposition 47.  (Pen. Code, § 1170.18.)  The prosecution opposed the petition on the ground that neither offense was eligible for resentencing.  In a written order, the trial court denied the petition on the ground that the two offenses at issue were not included in the offenses eligible for resentencing under Penal Code section 1170.18.

## II. DISCUSSION

Defendant contends the trial court erred by denying his petition as to Count One because he is eligible for resentencing under Section 490.2.  The Attorney General contends the trial court properly denied the petition because Proposition 47 does not apply to a violation of Section 10851.

3

We agree with defendant that a conviction under Section 10851 may be eligible for resentencing under Section 490.2, provided the offense satisfies the elements of petty theft as defined by that section. But we conclude the record here does not support such a showing.

A. *Background*

In November 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (the Act), which reduced certain drug- and theft-related offenses to misdemeanors. As relevant here, the Act added Section 490.2, which defined certain petty thefts as misdemeanors. Proposition 47 also created a new resentencing scheme for persons serving felony sentences for offenses which were made misdemeanors by the Act. (Pen. Code, § 1170.18, subd. (a).) A person currently serving a sentence for a felony conviction may petition for recall if the person would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense. Such a person may request resentencing in accordance with Section 490.2, among other sections.

Here, the issue of defendant's eligibility for resentencing is a question of statutory construction. "Statutory construction is a question of law which we decide independently. [Citation.] Our role in construing any statute is to ascertain the Legislature's intent and effectuate the purpose of the law. Generally, we accomplish this task by giving the statutory words their usual, ordinary meanings. [Citation.] ' "If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on [its] face . . . or from its legislative history." ' [Citation.]" (*People v. Love* (2005) 132 Cal.App.4th 276, 284.)

To determine defendant's eligibility for resentencing, we must determine whether defendant would have been guilty of a misdemeanor if Proposition 47 had been in effect in November 2012 when defendant committed his offense. This analysis assumes Section 490.2 was also in effect at that time. Section 490.2 provides, in part: "Notwithstanding Section 487 or any other provision of law defining grand theft,

4

obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (Pen. Code, § 490.2, subd. (a).) Nothing in the plain language of the statute—which covers "*any property* by theft"— excludes the theft of a vehicle. Thus, if defendant stole a vehicle with a value of $950 or less, that offense would have been a misdemeanor under Section 490.2.

B. *Eligibility for Resentencing under Section 490.2*

The Attorney General contends Proposition 47 had no effect on Section 10851. While Proposition 47 did not list Section 10851 by name or number, the plain language of Section 490.2 unambiguously includes conduct prohibited under Section 10851. Section 10851 punishes "[a]ny person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle . . . ." (Veh Code, § 10851, subd. (a).) Nothing in this statute addresses the value of vehicles that are taken or driven; thus, Section 10851 includes the taking of a vehicle worth $950 or less by a person who intends to permanently deprive the owner of his or her title to or possession of the vehicle. But, "[n]otwithstanding . . . any other provision of law defining grand theft," Section 490.2 now punishes the theft of a vehicle worth $950 or less as a misdemeanor.

The taking of any property may be a theft if the offender takes the property with the intent to permanently deprive the owner of possession, or "for so extended a period as to deprive the owner of a major portion of its value or enjoyment." (*People v. Avery* (2002) 27 Cal.4th 49, 55.) Section 10851 prohibits the driving or taking of a vehicle "with intent either to permanently or temporarily deprive the owner" of possession. (Veh. Code, § 10851.) Thus, Section 10851 covers both theft and non-theft conduct. As the California Supreme has held, "[Section 10851] defines the crime of unlawful driving *or* taking of a vehicle. Unlawfully *taking* a vehicle with the intent to permanently deprive

5

the owner of possession is a form of theft, and the taking may be accomplished by driving the vehicle away.  For this reason, a defendant convicted under section 10851(a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession has suffered a theft conviction . . . ."  (*People v. Garza* (2005) 35 Cal.4th 866, 871, original italics.)  We conclude that if a person convicted of violating Section 10851 took a vehicle worth $950 or less with the intent to permanently deprive the owner of its possession, such conduct is now petty theft, and the prior conviction is eligible for resentencing as a misdemeanor under Proposition 47.

C. *Defendant Failed to Establish Eligibility*

Defendant bore the burden to make the initial showing of eligibility under Proposition 47.  (*People v. Sherow* (2015) 239 Cal.App.4th 875.)  In the trial court, defendant presented no facts or evidence apart from those already in the record of conviction.  The trial court did not order an evidentiary hearing, apparently based upon its conclusion that Section 10851 "is not one of the offenses that is affected by the provisions of Proposition 47 or 1170.18 of the Penal Code."  However, the record establishes that defendant did not commit theft of a vehicle within the meaning of Section 10851 because he did not intend to permanently deprive the owner of possession.

Defendant admitted to police that he intended to use the vehicle to drive to a friend's house in San Francisco.  Once he ran out of gas and lacked the means to buy more gas, he abandoned the vehicle and attempted to secure transportation by other means.  The temporary taking and subsequent abandonment of a vehicle constitutes an unlawful taking of a vehicle under Section 10851, but it does not constitute theft.  Furthermore, there is no evidence in the record showing the vehicle was valued at $950 or less.  Accordingly, we conclude the offense did not constitute petty theft under Section 490.2, and defendant is ineligible for resentencing under Proposition 47.

Defendant argues that this application of Section 10851 violates his right to equal protection.  He contends the law treats the petty theft of a vehicle disparately depending

6

on whether the defendant is charged as a felon under Section 10851 or a misdemeanant under Section 490.2. He argues that this disparity in the law must be analyzed under a strict scrutiny standard. For this proposition, he relies on *People v. Olivas* (1976) 17 Cal.3d 236 (*Olivas*) [applying strict scrutiny to the length of the commitment of a minor as compared with the incarceration of adult offenders], and *People v. McKee* (2010) 47 Cal.4th 1172 [classes of individuals subject to civil commitment are subject to strict scrutiny].

In the years since *Olivas* was decided, our Supreme Court has applied its holding narrowly. In *People v. Wilkinson* (2004) 33 Cal.4th 821, the court observed that "[t]he language in *Olivas* could be interpreted to require application of the strict scrutiny standard whenever one challenges upon equal protection grounds a penal statute or statutes that authorize different sentences for comparable crimes, because such statutes always implicate the right to 'personal liberty' of the affected individuals. Nevertheless, *Olivas* properly has not been read so broadly." (*Id*. at p. 837.) The court concluded: "We do not read *Olivas* as requiring the courts to subject all criminal classifications to strict scrutiny requiring the showing of a compelling state interest therefor." (*Id.* at p. 838, quoting *People v. Davis* (1979) 92 Cal.App.3d 250, 258.) The court held that the rational basis standard applies to sentencing disparities of the type alleged here. (*Ibid.*) (See also *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881 [where a disputed statutory disparity implicates no suspect class or fundamental right, equal protection is violated only where there is no rational relationship between the disparity of treatment and some legitimate governmental purpose].) Accordingly, we will apply the rational basis standard.

We perceive at least two rational justifications for the disparate treatment identified here. First, the challenged statutes differentiate between vehicles valued at $950 or less and those of greater value. The state has an obvious interest in punishing crimes involving greater monetary value more harshly. Second, the statutes differentiate

7

between (1) the theft of a vehicle and (2) the temporary taking of a vehicle without the intent to permanently deprive the owner of possession. While the latter conduct may appear less culpable at first glance, offenders frequently take temporary possession of a vehicle for more nefarious purposes, e.g., to use it in the commission of other, more serious crimes without being identified. Furthermore, the crime of "joyriding" often involves significant damage to the vehicle, since a temporary possessor has no interest in maintaining the operation or condition of the vehicle beyond the period of possession. Thus, a victim may discover his or her vehicle in a heavily damaged state after the offender's joyride is over and the vehicle is abandoned. We thus conclude the law has a rational basis for punishing the temporary taking of a vehicle more harshly than the theft of a vehicle.

For these reasons, we will affirm the denial of defendant's petition.

### III.    DISPOSITION

The order denying the petition for resentencing is affirmed.

_____
Márquez, J.

WE CONCUR:


_____
Rushing, P. J.


_____
Premo, J.