Filed 9/28/16  P. v. Lavis CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW LAVIS,<br><br>Defendant and Appellant. | B268553<br><br>(Los Angeles County<br>Super. Ct. No. LA075740) |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael K. Kellogg, Judge.  Affirmed.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Chung L. Mar and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Matthew Lavis (defendant) appeals from an order denying his petition for resentencing pursuant to Proposition 47 to reduce his felony convictions under Penal Code section 475, subdivision (b),[1] and section 484e, subdivision (d), to misdemeanors. We affirm the order denying the petition.

## BACKGROUND

On December 10, 2013, defendant pled no contest to forgery (§ 475, subd. (b)) and theft of access card account information (§ 484e, subd. (d).) He also admitted a prior "strike" conviction. (§§ 667, subd. (b)-(j), 1170.12.) He was sentenced to state prison for a total of four years.

On June 24, 2015, defendant filed a petition for resentencing under Proposition 47. At the November 5, 2015 hearing on the petition, the trial court denied the petition on the ground that defendant's offenses were ineligible for resentencing under Proposition 47. This appeal followed.

## DISCUSSION

**I. Applicable law and standard of review**

In November 2014, California voters approved Proposition 47, which reclassified certain felony drug and theft offenses as misdemeanors. (§ 1170.18, subd. (a).) Proposition 47 added section 1170.18, under which a person currently serving a felony sentence for an offense that is now a misdemeanor under Proposition 47 may petition for a recall of that sentence and request resentencing in accordance with certain specific statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).)[2] As

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     The full text of section 1170.18, subdivision (a) states: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

relevant here, these statutes include sections 459.5, 473, 476a, 490.2, 496, and 666. (§ 1170.18, subd. (a).) Section 490.2 provides in relevant part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor."

This appeal concerns interpretation of sections 490.2 and 1170.18, a legal issue that we review independently. (*People v. Love* (2005) 132 Cal.App.4th 276, 284.) In doing so, we apply well established principles of statutory construction. Our role in construing a statute is to ascertain the intent of the Legislature or the electorate so as to effectuate the purpose of the law. (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1040; *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.) If the statutory language is clear and unambiguous, there is no need for construction. Only if the language is ambiguous does a court consider extrinsic evidence in determining voter intent. (*Silicon Valley Taxpayers' Assn., Inc. v. Santa Clara County Open Space Authority* (2008) 44 Cal.4th 431, 444-445.)

## II. Section 484e does not come within the scope of Proposition 47

Defendant contends his offense under section 484e, subdivision (d)[3] comes within the scope of section 1170.18. We conclude that it does not.[4] Section 1170.18, subdivision (a) lists several specific theft-related offenses. Theft of access card information under section 484e, subdivision (d) is not one of the listed offenses. (§ 1170.18, subd. (a).)

---

[3]    Section 484e, subdivision (d) provides: "Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft."

[4]    The issue as to whether Proposition 47 applies to section 484e is currently pending before the California Supreme Court. (See, e.g., *People v. Cuen*, review granted Jan. 20, 2016, S231107; *People v. King*, review granted, Feb. 24, 2016, S231888.)

Section 484e is part of a "'comprehensive statutory scheme which punishes a variety of fraudulent practices involving access cards.' [Citation.]" (*People v. Molina* (2004) 120 Cal.App.4th 507, 512.) "The Legislature intended to provide broad protection to innocent consumers." (*Id*. at p. 519.) Defendant argues that the voters intended to prohibit felony punishment for violations of section 484e, subdivision (d), when the value of the property is not more than $950; however, we presume that the voters were aware of existing laws and judicial construction thereof, including section 484e and its broad protection of consumers. (*In re Lance W*. (1985) 37 Cal.3d 873, 890, fn. 11.) There is no evidence that the voters intended Proposition 47 to undercut the broad statutory protection accorded innocent consumers.

Defendant contends his crime should be reduced to a misdemeanor because all theft crimes are covered by section 1170.18. Not all theft crimes come within the ambit of the statute. Section 1170.18 provides a means for an offender to petition for resentencing "in accordance with" certain enumerated statutes that were added or amended by Proposition 47. Section 484e is not included among the enumerated statutes added or amended by Proposition 47. Moreover, section 484e is not purely a theft crime; it covers both acquisition or retention of access card information. (*People v. Molina, supra*, 120 Cal.App.4th at p. 516 ["crime is possession of access card account information with a fraudulent intent" and "does not require that the information actually be used or that the account of an innocent consumer actually be charged or billed"].) Even if all theft crimes were within the scope of section 1170.18, defendant's offense would still not be included.

It is also well-established that a specific statutory provision relating to a particular subject controls over a more general provision. (*Hughes Electronics Corp. v. Citibank Delaware* (2004) 120 Cal.App.4th 251, 270.) Section 484e, subdivision (d), is a more specific statute, and it describes grand theft without reference to value. It has been deemed serious enough to trigger felony punishment. (*People v. Molina, supra*, 120 Cal.App.4th at p. 518.) Defendant's crime should not be reduced to a misdemeanor for this additional reason.

Defendant urges us to apply the rule of lenity, "whereby courts must resolve doubts as to the meaning of a statute in a criminal defendant's favor." (*People v. Avery* (2002) 27 Cal.4th 49, 57.) That rule applies "'only if the court can do no more than guess what the legislative body intended; there must be an egregious ambiguity and uncertainty to justify invoking the rule.' [Citation.]" (*Id.* at p. 58.) No such ambiguity or uncertainty exists here. Violation of section 484e, subdivision (d) is not an offense that is eligible for resentencing under section 1170.18.

## III. Defendant failed to establish that his section 475 conviction was eligible for resentencing

Section 475, subdivision (b) provides: "Every person who possesses any blank or unfinished check, note, bank bill, money order, or traveler's check, whether real or fictitious, with the intention of completing the same or the intention of facilitating the completion of the same, in order to defraud any person, is guilty of forgery."

The punishment for forgery is set forth in section 473. Proposition 47 amended section 473, subdivision (b) to reduce the punishment for certain forgery offenses, including section 475, subdivision (b), to a misdemeanor term, so long as the value of the forged item does not exceed $950.[5]

Defendant contends his section 475 conviction was eligible for resentencing based on section 473, subdivision (b). There was no evidence, however, of the value of the forged item he possessed. Defendant bears the burden of demonstrating eligibility for relief under Proposition 47. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*).) If the crime under consideration is a theft offense under section 473, a defendant petitioning for relief under Proposition 47 "'will have the burden of proving the value of the property did not exceed $950.'" (*Ibid.*, quoting Couzens & Bigelow, Proposition 47: "The Safe Neighborhoods and Schools Act" (Feb. 2015)

---

[5] Section 473, subdivision (b) provides in relevant part: "[A]ny person who is guilty of forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year."

<http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of Aug. 11, 2015] p. 40].)

Defendant acknowledges the evidentiary burden imposed by *Sherow*, but argues that he sufficiently "raised the issue" of whether his offense involved property that was valued at less than $950 when he pled, in his petition for resentencing that "Petitioner qualifies for a misdemeanor sentence pursuant to Penal Code 1170.18." Defendant further argues that public policy considerations weigh in favor of imposing the burden of proving valuation on the prosecution, "because the prosecution is usually in a better position to determine the value of items that were stolen." Defendant's assertion that he qualified for resentencing under section 1170.18 does not satisfy his burden of proving that the value of the items involved in his offense were less than $950. Defendant, as the party who petitioned for relief, had the burden of demonstrating eligibility under section 1170.18, subdivision (a). (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137.) We find no public policy reason for shifting to the prosecution the burden of proving a fact essential to defendant's claim for relief.

## DISPOSITION

The order denying defendant's petition for recall and resentencing is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT

6